D. L. HUGHES, Respondent, v. EUGENE ROBINSON, Appellant.

St. Louis Court of Appeals, January 2, 1895.

Breach of Contract for Rental of Theater: RELEVANCY OF EVI-
DENCE OF DAMAGES. In an action for damages for the breach of a
special contract to give a performance at a theater, and to pay a fixed
percentage of the gross receipts for the use of the premises, evidence
of the rental value of the theater is immaterial, though the plaintiff
fails to give evidence of the amount of his loss of profits.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY
B. VALLIANT, Judge.

AFFIRMED CONDITIONALLY.

*Rufus J. Delano* for appellant.

*G. H. Ten Broek* for respondent.

BOND, J.—This was an attachment suit, begun be-
fore a justice of the peace, for the alleged breach of a
contract whereby defendant agreed to furnish a theat-
rical company and perform for one night the play
"Paul Kauvar," at plaintiff's opera house, for the con-
sideration of seventy per cent. of the gross receipts of
the performance, plaintiff agreeing for thirty per cent.
of the gross receipts to give the use of the opera house
lighted and staged. There was a judgment in the jus-
tice's court for plaintiff, from which an appeal was
taken to the circuit court, where the plaintiff again had
judgment sustaining his attachment and assessing his
damage at $77, from which the present appeal is taken.

The case was tried in the circuit court by the judge
without a jury. No instructions were asked or given.

It follows, therefore, that the judgment must be upheld, if it can be supported upon any theory of law applicable to the legal evidence received on the trial. The only exception preserved by appellant relates to the evidence given by plaintiff as to the reasonable market value of the rent of the opera house for the night fixed for the performance to be given by defendant under the contract. It was conceded that no performance took place.

The natural and proximate result of the breach by defendant of his contract was to deprive plaintiff of the compensation agreed upon for the use of the house, as well as for the expenses incurred in preparing it for the reception of defendant's company. The evidence of the sums paid the orchestra and for lighting the hall bore on the element of damage to plaintiff arising from expenses incurred in carrying out his part of the contract. Such evidence was properly admitted, since there was no showing of plaintiff's loss of profits under the contract. *U. S. v. Behan,* 110 U. S. 338. But the evidence as to the rental value of the house for the night in question had no tendency whatever to show the damages caused by the breach of the contract. The natural and proximate results of the breach were to deprive plaintiff of thirty per cent. of the gross receipts of the projected performance. The rental value of the house was not the legal measure of this proportion of gross receipts. Plaintiff might have proved by competent evidence his loss of such profits by defendant's breach of the contract. *Lewis v. Insurance Company,* 61 Mo. 534; *Savery v. Ingersoll,* 46 Hun, 176. This, however, was not attempted in this case, except by the erroneous admission of testimony as to the market value of the use of the opera house on the night in question. For this error the judgment must be reversed, unless plaintiff will remit so much thereof as is based upon illegal evidence, and accept judgment for

$26, being the amount shown to have been expended by him in carrying out his contract, for light and music, which he is entitled to recover, as no proof was made of the damages sustained by a loss of the thirty per cent. of the gross receipts. Unless such remittance is made in this court within ten days, the judgment herein will be reversed and the cause remanded; otherwise it will be affirmed for $26, the plaintiff to pay costs of this appeal. All concur.