THE ATHLETIC BASEBALL ASSOCIATION, Respondent, v.
ST. LOUIS SPORTSMAN'S PARK AND CLUB ASSO-
CIATION, Appellant.

St. Louis Court of Appeals, December 8, 1896.

1. **Contract, Breach of**: DAMAGES. In a suit for breach of contract, whereby plaintiff agreed with defendant to play an exhibition game at Gloucester, New Jersey, on September 2, 1888, and pay defendant fifty per cent of seventy-five per cent of the gate receipts, in consideration of defendant's giving plaintiff the option of playing a similar game with it, on its grounds, September 24, 1888, defendant agreeing to pay plaintiff fifty per cent of the gate receipts, where plaintiff performed its part of the contract for the first game, and tendered performance for the second game, and defendant refused to permit it to be played, plaintiff was entitled to recover expenses incurred in preparing for its performance, or the profits it would realize by performance of the entire contract less such expenses.

2. ——: ——. In such case, where there was no attempt to prove a loss of the stipulated profits, plaintiff was entitled to the preparatory expenses incurred in carrying out its part of the contract, and a finding for the amount of such expenses can not be disturbed as excessive.

3. ——: SALARIES: DAMAGES. Where, in such action, the witnesses, in stating the amount of damage sustained by plaintiff, referred to officers' salaries for one day, but there was nothing in the evidence showing what part of the damage was referable to salaries, nor that they were fixed at a stated sum and were unaffected by defendant's breach of its contract, nor that plaintiff's ability to pay such salaries was not lessened by its failure to realize profits of a performance by defendant of its contract, the court can not say the finding went beyond the proper compensation for the proximate damage sustained by the breach of the contract.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

AFFIRMED.

*Broadhead & Hezel* for appellant.

If entitled to recover at all, plaintiff is only entitled to recover for such expenses as it actually incurred by reason of its efforts to carry out the contract, and not for expenses which it would necessarily have had to pay irrespective of the contract. *Ephland v. Railroad*, 57 Mo. App. 147; *Drinkwater v. Dinsmore*, 80 N. Y. 390; *Lee v. Telegraph Co.*, 51 Mo. App. 375.

Without proof of actual loss plaintiff is only entitled to nominal damages. *Cantor v. Tattersalls*, 34 N. Y. S. 96.

Damages must be proved with reasonable certainty, and not left to speculation or conjecture. *Hodges v. Fries*, 15 So. Rep. 682; *Sherman v. Leonard*, 26 Pac. Rep. 717; 1 Suth. Dam. 141; *Bernstein v. Meech*, 130 N. Y. 354.

*Chas. M. Napton* for respondent.

In all the cases cited by appellant, the master would have had an action against the defendant for the loss of the servant's services, and, if he had paid the servant's wages during disability, he could have recovered them as a part of his damages. 14 Am. and Eng. Encyclopedia of Law, p. 788, and cases cited.

BOND, J.—The parties by their representatives executed the following contract:

"PHILADELPHIA, August 31, 1888.

"For and in consideration of the Athletic club agreeing to play an exhibition game with the St. Louis club at Gloucester, New Jersey, on Sunday, September 2, 1888, and pay the said St. Louis club fifty per cent of seventy-five per cent of the gate receipts for said game, the St. Louis club hereby agrees to give the

said Athletic club the option of playing an exhibition or championship game on the grounds of the St. Louis club, with said St. Louis club on September 24, 1888, or not, as the said Athletic club may elect, and the St. Louis club agrees to pay the said Athletic club fifty per cent of the gate receipts for said game.

"CHRIST VON DER AHE,
　"St. Louis B. B. Club.
"W. H. WHITTAKER,
　"Athletic B. B. Club."

The petition alleges performance by plaintiff of this contract as to the first mentioned game, and tender of performance of the contract for the second game, and a refusal by defendant to permit the same to be played, whereof damages were prayed.

The answer averred a misnomer of defendant and denied the allegations of the petition. The cause was submitted to the court without a jury and a verdict and judgment given for plaintiff for $500 and interest, from which defendant appealed.

The evidence shows that defendant telegraphed to plaintiff that the game could not be played on the twenty-fourth of September 1888, as provided for in the contract; that plaintiff answered it was willing and ready to play the game and brought its team to St. Louis on the morning of that day for this purpose; that thereupon defendant offered to permit plaintiff to play during the forenoon, which offer was refused by plaintiff, on the ground that the customary time for such exhibitions was the afternoon, and that no proper advertisement had been made of a game to be given in the forenoon; that defendant refused plaintiff's team access to its grounds on the afternoon of said day, and employed the whole of said afternoon in a game between its own club and a baseball club from Baltimore. The evidence further tended to show that the

afternoon was the customary time for such exhibitions; that the cost to plaintiff, exclusive of railroad fare and hotel bills, of bringing its team of baseball players to St. Louis on the morning of the twenty-fourth of September, 1888, was between $500 and $600.

For the breach of the contract in suit plaintiff was entitled to recover the expenses and outlay incurred in preparing for its performance, or the profits it would have realized by performance of the whole contract, less such expenses. *U. S. v. Behan*, 110 U. S. 338. As there was no attempt to prove a loss of the profits stipulated for in the contract, plaintiff was clearly entitled to the preparatory expenses incurred in carrying out its part of the contract. *Hughes v. Robinson*, 60 Mo. App. 194. The instruction given by the court shows that such expenses were the only elements of damage considered in the finding for plaintiff. This was the correct rule, in the absence of any evidence of loss of stipulated profits, and as the evidence supports the finding of the court as to the amount, it can not be disturbed as excessive. The principal point urged in defendant's brief is that the witnesses in stating the amount of damage suffered by plaintiff referred to officers' salaries for one day. There is nothing in the evidence showing what portion of the damage claimed was referable to this head, nor does the evidence show that such salaries were fixed at a stated sum and were unaffected by defendant's breach of its contract, nor that plaintiff's ability to pay such salaries was not lessened by its failure to realize fruits of a performance by defendant of its contract. In this state of the record we can not say the finding of the trial court went beyond legitimate compensation for the proximate damage sustained by the breach of the contract in suit. Defendant does not print the instructions given or refused by the court in his brief, nor assail their cor-

rectness in argument, and we might be justified in concluding that no complaint was made in this respect, but as the record shows a formal assignment of error as to instructions given and refused, we have examined the action of the court in this regard, and find that it affords no ground for reversal of this judgment. It will therefore be affirmed. All concur.