SCOFIELD, *Interpleader*, v. BURKETT, *Appellant.*

**Ass**ignment of Personal Property : DELIVERY : FRAUD : R. S., SEC. 2505. Section 2505 of the Revised Statutes, relating to sales of personal property, requiring delivery within a reasonable time, and declaring such sales fraudulent and void, when the provisions of said section are not obeyed, does not apply to assignments, and the assignment of goods, not fraudulent in fact, is not fraudulent in law, on the ground of non-delivery by the assignor.

*Appeal from Scotland Circuit Court.*— HON. BEN. E. TURNER, Judge.

AFFIRMED.

*Smoot & Pettingill* for appellant.

(1) The interplea does not state a cause of action. (2) The court should have given instruction numbered one asked by Burkett. (3) The court erred in giving the instruction to the jury to find for the interpleader. (4) The court erred in admitting the deed of assignment in evidence over the objection of Burkett. The interplea is in the nature of an independent action, the record of which should be kept separate from the proceedings. *Wolff v. Vette,* 17 Mo. App. 36 ; *Brennan v. Driscoll,* 33 Mo. 372. It follows that the property claimed in the interplea should be particularly described. The retention of the possession and control of the goods by the assignor, after the assignment, was fraudulent. *Hatcher v. Winters,* 71 Mo. 35; *Anderson v. Fuller,* 36 American Decisions, 290. This deed of assignment, if valid, is an absolute appropriation of the goods to the creditors, and comes within the rule maintained in regard to the absolute sale of personal chattels, and the same rule as to

change of possession obtains.  *Rice v. Courtes*, 32 Vt.
460 ; Burrill on Assignment [4 Ed.] sec. 272, pp. 392 and
393.   And in this case was fraudulent *per se*, and should
have been so declared by the court.

*R. D. Cramer* and *John B. Mudd* for respondent.

The case of *Goodwin v. Kerr*, 80 Mo. 276, is fully
decisive of this case, and it is only necessary to refer
to it and the authorities there cited, together with
Revised Statutes, section 2505, to show that the word
assignment is not included in said section, and that such
section does not apply to assignments.

SHERWOOD, J.— This is a contest between Burkett,
plaintiff in an attachment suit, against Thornbury, and
Scofield, interpleader therein, who claims, as assignee,
the goods attached.

It was ruled in *Goodwin v. Kerr*, 80 Mo. 276, that
section 2505, Revised Statutes, 1879, relating to sales of
personal property, requiring delivery within a reasonable
time, etc., and declaring such sales fraudulent and void,
unless the provisions of that section were obeyed, did
not apply to assignments.   In the present instance,
counsel for Burkett stated, during the progress of the
trial, that they did not rely upon any fraudulent intent,
or fraud in fact, on the part of Scofield and Thornbury,
and on this theory was the cause tried, *i. e.*, that the
assignment was *a fraud in law*.   Having tried the cause
on this theory, the trial court very properly refused a
peremptory instruction to the jury to find in favor of the
attaching creditor, Burkett, and very properly, of its
own motion, gave an instruction to the jury to find for
the interpleader.   Therefore, judgment affirmed.   All
concur.