THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS
RAILWAY COMPANY, Appellant, v. PATRICK
MORLEY, Respondent.

### Kansas City Court of Appeals, May 11, 1891.

1. **Municipal Corporations**: RIGHT OF WAY OVER STREET FOR
RAILROAD. The grant of a right of way to a railway company, to
lay its road along a street of a city, is subject to the paramount
right of the city to improve the street, which is continuous, and
one that the city could not barter away.

2. **Contracts**: CONSIDERATION. A contract between a city con-
tractor for the construction of a sewer along a street and a railway
company having a right of way over such street, that the con-
tractor would pay the company for supporting its tracks while he
built the sewer is a *nudum pactum,*—without consideration,—and
void.

*Appeal from the Buchanan Circuit Court.* — HON.
OLIVER M. SPENCER, Judge.

AFFIRMED.

*Spencer, Burnes & Mosman,* for appellant.

(1) In the face of the foregoing provisions of the
contract entered into by the defendant for the construc-
tion of this sewer, it will not do for him to claim that
the plaintiff was in duty bound to protect its tracks at
its own expense. (2) Again, the weight of passing
engines and trains upon an unsupported track over the
sewer would be liable to crush it. These considerations
alone show that the benefit defendant would receive
from the performance of the work by the plaintiff was
an amply sufficient consideration for his promise to pay
the plaintiff the actual cost thereof. *Vogel v. Meyer,*
23 Mo. App. 427; *Given v. Corse,* 20 Mo. App. 132.
(3) The plaintiff was entitled to have the case go to

the jury on the admissions contained in the defendant's testimony. The defendant claims that plaintiff was bound to protect its tracks at its own expense, and that he insisted on Mr. Hohl's doing so. He swears that Hohl refused to do this, and refused to "allow anybody to put a shovel on that right of way unless some arrangement was made by which he (Hohl) could be paid for the work," and "because he was very steadfast in the matter," I "contracted for the work to be done." In *Vallee v. Picton*, 16 Mo. App. 182, it is said that "if the defendant asserted an interest and the plaintiff refused to concede it, but did, nevertheless, make a promise conditioned upon the defendant's surrender of his alleged interest the promise would be binding." *Livingston v. Dugan*, 20 Mo. 102; *Reilly v. Choquette*, 18 Mo. 226; *Rinehart v. Bills*, 82 Mo. 534.

*B. R. Vineyard*, for respondent.

( 1 ) The city of St. Joseph, under its former charter, and under its present charter as a city of the second class, which it adopted in 1885, had, and still has, power to establish, construct and keep in repair sewers, culverts and drains along such streets, and in such manner and of such form as shall be deemed best for the city. Acts, 1863–4, 431, secs. 4 and 5; 1 R. S. 1889, secs. 1427–8. ( 2 ) By the same charter the city of St. Joseph has always had exclusive control over its streets, and the power to pass the laws for the health, police and general welfare of the city. 1 R. S. 1889, 364, subdiv. 8, sec. 1255; Acts, 1850-1, p. 92, art. 5, secs. 10, 13 and 23; Acts, 1850–1, p. 93, art. 6, sec. 2; Acts, 1865, p. 436, sec. 8; 1 R. S. 1889, p. 367, sec. 37. ( 3 ) The city of St. Joseph had no power, if it had tried, to abdicate its control over the streets. *Matthews v. The City of Alexandria*, 68 Mo. 115; *Ruggles v. Collier*, 43 Mo. 353; 1 Dillon on Mun. Corp. [ 4 Ed.] sec. 97 ( older editions, sec. 61 ), and cases there cited; 2

Dillon on Mun. Corp. [4 Ed.] secs. 714–716 (older editions, secs. 566–7), and cases there cited. (4) The ordinance of the city of St. Joseph only conferred on the railroad company the right of way over its streets, and the right to lay down, maintain and use its railroad tracks along said right of way, in such way as not to obstruct the streets or interfere with the trade, commerce or travel of the public. The rights thus conferred could only be held by the company in subordination to the right of the city thereafter to improve its streets and use the same for all legitimate purposes, including that of building and maintaining sewers along the same. *Waterworks Co. v. City of Kansas*, 28 Fed. Rep. 921 ; s. c., 20 Mo. App. 237; *Kirby v. Railroad*, 48 Md. 168; *Railroad v. City of Louisville*, 8 Bush, 423, at top ; *Butchers' Union v. Crescent City*, 111 U. S. 746. (5) The city of St. Joseph had the right, if necessary, to remove the tracks of plaintiff in order to construct the sewer under the bed of the street. Nor would the city have been compelled to replace the tracks or to pay for their replacement after the sewer had been finished. The defendant Morley, as the contractor of the city, stood in the position of the city, and would have been no more liable therefor than it would have been had it built the sewer directly by its officers. *Kirby v. Railroad*, 48 Md. 168 ; *Railroad v. City of Louisville*, 8 Bush, 423. (6) If, therefore, defendant Morley agreed to pay for placing the bridging or supports under the plaintiff's tracks, as its evidence tended to show, the agreement was a *nudum pactum*, without consideration and void, and the court committed no error in instructing the jury to find for the defendant.

GILL, J.—Defendant Morley had a contract with the city of St. Joseph for the construction of a sewer along Patee street and running from Sixth street westward to the Missouri river. The plaintiff railroad company has its main track on and along the street next to

the river and under the surface of this street which crosses Patee street at right angles it was necessary to build the sewer. Plaintiff's evidence tends to prove that, when about to begin the construction of said sewer, defendant called on plaintiff's superintendent and requested the plaintiff to bridge up or put in the necessary support for its tracks where the sewer would cross the same, and agreed that he, said defendant, would pay the cost thereof. Plaintiff's evidence also shows, that it constructed such support for its tracks, and that defendant built the sewer across and thereunder; but that defendant refused to pay the costs of such bridging and track support; whereupon this action was brought. At the trial the court gave an instruction to the jury that the plaintiff was not entitled to recover. The plaintiff, thereupon, took a nonsuit with leave, and upon an unsuccessful motion to set the same aside has appealed to this court.

I. It seems that the trial court sustained a demurrer to the evidence, and denied plaintiff's right to recover, on the ground that any alleged agreement by defendant to pay for the support of plaintiff's tracks, where the same crossed said Patee street sewer was a *nudum pactum*—an undertaking without consideration—and void. In thus holding we are of the opinion that the circuit court did not err. Under the ordinance read in evidence the plaintiff railroad company had simply a right of way—the authority—to lay its tracks and to maintain and operate its railroad on the street along the river front. This right of way was subject to a paramount right in the city of St. Joseph to improve said streets, and to construct and maintain sewers therein. The right of the railway company was subordinate to the exercise of a superior right in the city. The city has such continuous authority, and it was not, nor could be, bartered away or yielded to the plaintiff or any other corporation or person. *National Waterworks Co. v. City of Kansas*, 20 Mo.

App. 237 ; *Kirby v. Railroad*, 48 Md. 168.    The city of St. Joseph then was fully authorized to construct a sewer along Patee street and across the street occupied by plaintiff's railroad, and it was incumbent on the plaintiff to protect its own tracks.    The city owed it no such duty.    And, if the city was under no legal obligation to shore up or sustain the plaintiff's tracks, then neither was the defendant ; for, clearly, he as contractor for the city stood in the place of the city.    So then it comes to this : Plaintiff in bridging, shoring up and protecting its tracks where the sewer was being constructed across the same, was simply engaged in a work it deemed necessary to protect its own interest. It was a matter in which the city, or Morley, the contractor, had no concern whatever.    It was a work that plaintiff, in accepting a right of way, impliedly agreed to do, or have done, at its own expense.    The doing of this work then was of no benefit or gain to defendant Morley, nor of any injury or disadvantage to the plaintiff, and, hence, furnished no consideration for any promise by defendant.    1 Parsons on Cont. 431, *et seq.* Judgment affirmed.    All concur.