GONA LANCASTER, Appellant, v. HENRY ELLIOT *et al.*, Respondents.

St. Louis Court of Appeals, November 21, 1893.

1. **Divorce**: INTEREST ON PAYMENTS FOR MAINTENANCE. When a decree of divorce adjudges the payment of fixed installments of money from the husband to the wife for the maintenance of their child, each installment bears interest from the time when it is payable.

2. **Discharge of Contract Under Seal**: CONSIDERATION. A contract under seal may be discharged, before or after breach, by parol for valuable consideration; and a legal consideration for an agreement is furnished by the least advantage under it to the promisor or the least detriment to the promisee.

| 55 | 249 |
| 55 | 387 |
| 55 | 249 |
| 62 | 452 |
| 55 | 249 |
| 64 | 118 |
| 55 | 249 |
| 67 | 172 |
| 55 | 249 |
| 76 | 386 |
| 55 | 249 |
| 86 | 625 |

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Laughlin, Wood & Tansey* for appellant.

There was no consideration for the agreement of October 13, 1885. *Lancaster v. Elliot*, 42 Mo. App. 503.

*E. P. Johnson* for respondents.

The agreement was fully executed by the parties by acting under it, and it needs no other or further consideration to support it. Bishop on Contracts, sec. 81. Even a partial execution of it was sufficient. *Id.*, sec. 87. Further, the acceptance of benefits under it by plaintiff, and his conduct in acting under it, estop him from denying its validity. Bishop on Contracts, secs. 286, 290; *Boggs v. Olcott*, 40 Ill. 303; *Wiggins v. Railroad*, 73 Mo. 389; *Dean v. Walker*, 107 Ill. 540. A specialty may be discharged for a valuable consideration by a parol agreement, or without other consideration by a parol agreement fully executed; or a parol agreement may be substituted for it, or rights may be waived under it by parol when the respective parol agreements have been fully executed as this one was by acting under it. Bishop on Contracts, secs. 134, 135, 137, 68, 804; *Green v. Wells*, 2 Cal. 584; *Dearborn v. Cross*, 7 Conn. 48; *Dickerson v. Ripley*, 6 Ind. 128; *Lawrence v. Dole*, 11 Vt. 549.

BOND, J.—This is an action upon a bond given in a divorce proceeding between the appellant and the respondent, Ida M. Lancaster. The bond sued on was executed by defendant in due form, to-wit:

"Know all men by these presents, that we, Ida M. Lancaster, as principal, and Henry Elliot and Henry Elliot, Jr., as sureties, are held and firmly bound unto Gona Lancaster in the sum of $1,000, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators jointly and severally by these presents. Sealed with our seals, and dated this sixteenth day of July, 1884.

"The condition of the above obligation is such that, whereas, on the seventeenth day of July, 1884, a decree was rendered in cause numbered 64570 in the circuit court of the city of St. Louis; now, if said Ida M. Lancaster shall hereafter well and truly preserve and perform upon her part said decree in all respects, then this obligation to be void, otherwise of full force and virtue. And the damages to said Gona, by reason of any breach thereof, are agreed to be liquidated and adjusted at the amount of this bond."

The portion of the decree covered by the above bond is as follows, to-wit:

"It is further ordered and adjudged by the court that the defendant pay for the maintenance of Gladys Lancaster, the minor child of said parties, on the first Saturday of each month hereafter to the said plaintiff at the East St. Louis bank, in East St. Louis, Illinois, the sum of $30 a month, the first payment being made this day; and that should said $30 a month, or any part theerof, be diverted from the maintenance of said child at any time hereafter, the said allowance shall cease. It is further ordered by the court that the plaintiff shall have the custody of said child, but that said child shall not be carried to, or kept in, East St. Louis, Illinois, before the first of October, 1884, and that the defendant shall have the right and privilege to visit and see the said child on Tuesday, Thursday and Saturday of each week for the space of two

hours on each of said days, during the afternoon, at the house of the plaintiff.''

The breaches alleged were a refusal by respondent, Ida M. Lancaster, to permit appellant to see their child.

The answer of respondents admitted the bond, denied its breaches, and affirmatively pleaded: *First*, a contract between the appellant, Gona Lancaster, and the respondent, Ida M. Lancaster, to be substituted for the bond sued on in the files of the court, and to be a part of the decree of divorce between the parties thereto; *second*, that by an agreement between said parties entered into October 13, 1885, in reference to said bond ''the time and manner in which appellant should see said child, Gladys, and the payment of alimony and allowances provided by said decree and the terms of said bond were entirely superseded, and the same cancelled.

The agreement referred to in these two defenses was as follows, to-wit:

''EAST ST. LOUIS, October 13, 1885.

''*To Gona Lancaster.*

''I propose that any rights you may have under the decree of the circuit court of the city of St. Louis, state of Missouri, granting me a divorce, be relinquished in the following particulars, viz.: *First*, that the bond of $1,000, given by me for the observance of said decree, be withdrawn from the files of the court and cancelled; *second*, that I shall not be required to write to you, unless the child, Gladys, is in bad health; *third*, that you shall see the child, Gladys, two hours each day, in the afternoon, on three days of each week, Tuesdays, Thursdays, Saturday, enter the front door and go into the reception room in whatever house the said Ida M. Lancaster may live or reside; *fourth*, that

you at once pay all back monthly allowances provided by said decree, and that the said monthly allowances still be continued. This stipulation to be put on file as part of the decree in said cause; and, in consideration thereof, I revoke my right to proceed against you for disregarding the terms of said decree.

"IDA M. LANCASTER.

"Accepted.

"GONA LANCASTER."

This case was tried by the court sitting as a jury, who found for the defendants. By stipulation of parties, the case was submitted upon the evidence contained in transcript numbered 4786 in this court, and a further admission set forth in said stipulation, "that defendant, Ida M. Lancaster, instituted after October, 1885, a suit against plaintiff, Gona Lancaster, for $30 per month for thirty-three months for amount ordered in the decree of divorce in evidence herein to be paid monthly by said Gona to said Ida for support of their child, Gladys, and recovered therein a judgment for the sum of $990 for said thirty-three months; that said Ida did not file a motion for a new trial therein or appeal from said judgment, but that said Gona appealed therefrom, and the judgment was affirmed, and he satisfied the same by payment, and that there was no other consideration for the bond sued on, or the agreement of October 13, 1885, or the letters written by the one to the other, than what may be shown by the evidence and testimony in said transcript numbered 4786."

This case has been before this court upon two prior appeals. When it was here the first time, this court held that the trial court erred in nonsuiting the appellant because of his offering in evidence, under the issues then joined, the paper dated October 13, 1885, signed by himself and the respondent, Ida M. Lan-

caster.  The ground of that holding by this court was that there was no evidence *then* in the record, showing that this paper had been *accepted* as his contract by the appellant.  See 28 Mo. App. 86.  When this cause was here the second time, the record embraced a correspondence between Gona and Ida M. Lancaster, beginning September 4, 1885, and ending October 13, 1885, which was not in evidence on the first trial of this case.  Upon a consideration of this addition to the record, this court held on the second appeal (42 Mo. App. 503, 511), that there was "a complete contract (letter, October 13, 1885, *supra*), as soon as she (respondent, Ida M. Lancaster), mailed to the plaintiff (appellant) the offer in the shape agreed to by him;" and that, this being the law, the fact that the contract was not under seal would not invalidate it even as a release, provided it was supported by a sufficient consideration.  This court thereupon reversed this cause for the exclusion of the evidence of correspondence between the former husband and wife.

The only question left for determination on this appeal is, whether or not under the present record there is undisputed evidence of a sufficient consideration for the contract entered into October 13, 1885, between Gona and Ida Lancaster.  For if this question be resolved in the affirmative, the judgment of the trial court, being therefore for the right party, should be affirmed irrespective of the technical correctness of the declarations of law given on the trial.  *Walsh v. St. Louis Exposition and Music Hall Ass'n*, 101 Mo. 534.  The rule as to the consideration of a contract was laid down by Judge Scott in *Marks v. Bank of Missouri*, 8 Mo. 319: "If the least benefit or advantage be received by the promisor from the promisee or a third person, or if the promisee sustain any, the least, injury or detriment, it will constitute a sufficient consideration

to render the agreement valid." Affirmed in *City of St. Louis v. Gas Co.*, 70 Mo. 116. "The canceling of a contract, or the relinquishment of rights under it, is a valid consideration for entering into a new one. On this, among other grounds, the substitution of contracts is sustained." Bishop on Contracts, section 68. A contract under seal may be discharged, before or after breach, by parol for a valuable consideration, or rescinded by a parol agreement fully executed. Bishop on Contracts, section 134, *et seq.* "Where a contract is not expressed in precise terms, the facts and circumstances surrounding the subject-matter it contains may be looked to in aid of construction; and the acts of parties to the instrument are entitled to great weight." *Belch v. Miller*, 32 Mo. App. 397.

The conceded facts in this case are that, at the time of the making of the contract between Gona and Ida Lancaster set out in the paper dated October 13, 1885, *supra*, the appellant deposited the exact aggregate two hundred and ten dollars of the principal sums (excluding interest) of the monthly allowances ($30 each), which he was required to pay his former wife, to her credit at East St. Louis. It is also admitted that after his withdrawal of this sum, when Ida Lancaster sued him for all allowances then due her, she confined her suit to, and recovered, the exact amount ($990) which was due for thirty-three months at the rate of $30 per month. This was a binding construction by the *accordant act of both parties* to the agreement of October 13, 1885, *supra*, whereby that contract was shown not to have contemplated the payment of interest on the part of Gona Lancaster on the past due allowances to which Ada Lancaster was entitled under the decree of divorce. The suit brought by Jda M. Lancaster was in part execution of her rights under the

new contract, and was strictly limited to its terms, as understood and acted upon by Gona and herself.

It was expressly held, when this case was here before (42 Mo. App. *supra*), that Mrs. Lancaster was entitled in law to recover from Gona Lancaster interest on the past due allowances owing by him at the time of their new contract. The alimony was payable by virtue of a decree rendered in this state, and the rights of the parties under that decree have to be measured by the laws of Missouri. As, under the laws of this state, the right to recover interest on overdue instalments is clear, it is immaterial that there is no evidence in the record as to the laws of Illinois on that subject. Her release to him of this right was a sufficient consideration for their new contract. The result is that the agreement of October 13, 1885, *supra*, is a valid release of any liability of the respondents on the bond in suit, and that the judgment herein in their favor is affirmed.   All the judges concur.