THE COLUMBIA INCANDESCENT LAMP COMPANY, Respondent, v. AMERICAN ELECTRICAL MANUFACTURING COMPANY, Appellant.

St. Louis Court of Appeals, December 10, 1895.

1. **Contracts**: CONSIDERATION. An executory contract, which is not founded upon a consideration deemed valuable in law, will not be enforced. The least benefit or advantage to the promisor, or the least injury or detriment suffered by the promisee or a third person,

will constitute such a consideration; but this statement has reference only to a benefit which the obligee has obligated himself to produce, and not to one which is fortuitous.

2. **Bank Check:** PRESUMPTION OF CONSIDERATION. The negotiable character of a bank check raises a *prima facie* presumption that it is founded upon a valuable consideration.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

REVERSED AND REMANDED.

*Nathan Frank* and *Charles W. Bates* for appellant.

Defendant's promise to contribute was without consideration and not enforcible. Anson on Contracts, [2 Am. Ed.], top pp. 90, 100; *Philpot v. Gruninger*, 14 Wall. 570, 577; Bishop on Contracts, secs. 24, 37, 38, 77, 78, 117, 316, 389; Tiedeman on Commercial Paper, sec. 154; *Brookes v. Owen*, 112 Mo. 251, 261; *Railroad v. Morely*, 45 Mo. App. 304; *Easley v. Gordon*, 51 Mo. App. 637, 641; *Wendover v. Baker*, 121 Mo. 273, 294; *Lingenfelder v. Wainwright Brewing Company*, 103 Mo. 578, 595; Clark on Contracts, secs. 65, 73, 86; *Hanrahan v. O'Regan*, 45 Iowa, 298; *Orphans' Home v. Sharpe*, 6 Mo. App. 150; *Storck v. Mesker*, 55 Mo. App. 26, 35.

*John A. Gilliam* for respondent.

BOND, J.—This is an action upon a bank check drawn on June 15, 1894, by defendant in favor of plaintiff for the sum of $400, payment of which was refused by the bank, wherefore judgment is demanded against the drawer. The answer admits the execution of the check, and pleads a want of consideration. The plaintiff introduced the check in evidence, and rested. Defendant's evidence was that a suit was brought

against plaintiff for infringement of a patent, wherein a restraining order was made on January 17, 1893, which was rescinded April 21, 1893, after which date defendant agreed to give plaintiff $2,000, to be paid in installments of one fifth of said amount "as they might be called for;" and that this agreement was made upon plaintiff's statement that it proposed to fight the suit for patent infringement, whether defendant or others contributed thereto or not. Under this agreement two payments of $400 each were made. Defendant was not a party to the patent litigation, and did not authorize the employment of the attorneys therein. In rebuttal, plaintiff adduced evidence tending to show that defendant was engaged in the manufacture of electric lamps, similar to those whose manufacture was sought to be enjoined in the patent suit against plaintiff; that during the existence of the restraining order in said cause defendant ceased the manufacture of lamps, but resumed that business after said order was annulled, and thereafter agreed to contribute $2,000 to the defense of said suit, to be paid in installments of $400 each "as required to meet the expenses;" and that, after this agreement was made, plaintiff made a contract with said lawyers for their services and has expended $18,000 in the defense of said patent suit (which is still pending) up to the date of the trial of the present action.

Upon the foregoing evidence the trial court directed the jury to find a verdict for the amount of the check, and interest, which was done, and judgment rendered accordingly, from which defendant appealed.

It is obvious that, if there is any substantial evidence tending to prove the defense of want of consideration, the trial court should have permitted the jury to pass on that issue; for all contracts, written or oral, are open to the defense of no consideration between the immediate parties. Nor can any executory contract

be enforced, except it be founded upon a consideration deemed valuable in law, whatever moral motives may urge its fulfillment. It is also true that its legal sufficiency depends only on the quality and not on the quantity of the consideration, for the least benefit or advantage to the promisor, or the least injury or detriment suffered by the promisee or a third person, will support the contract. *Marks v. Bank*, 8 Mo. 319; *City of St. Louis v. Gas Company*, 70 Mo. 116; *Lancaster v. Elliot*, 55 Mo. App. 249, 254; *Railroad v. Morley*, 45 Mo. App. 304; *Philpot v. Gruniger*, 14 Wallace, 570, 577.

According to the theory of the transaction between the parties to this cause, arising upon the evidence given by defendant, the jury might have concluded that the promise of defendant to pay $2,000 was made merely in the hope that the contest over the patent right in which plaintiff was engaged would be conducted to the point of authoritative decision, and thus establish a precedent which might be useful to defendant in the event of future litigation against it. They might have found, however, that plaintiff neither assumed *any obligation* to conduct his defense of the patent suit to that point, nor incurred any expenses on the faith of defendant's promise, since there was testimony showing that plaintiff expressly stated that the defense to the patent suit would be made by it regardless of any subscription by defendant or others. If this view of the evidence had been taken by the jury, it is evident that defendant's promise to pay $2,000 was *nudum pactum*, and, so far as it remains executory, is not enforcible; for it is well settled that the possibility of advantageous results to a promisor, which the promisee has not obligated himself to produce, does not constitute a legal consideration for the formation of a contract. Such a contract is one of those imperfect

obligations, which, though enforcible in morals, is not enforcible in law.

On the other hand, there was evidence for the plaintiff, the *prima facie* presumption of a consideration arising from the negotiable character of the instrument sued upon (*Famous Shoe and Clothing Company v. Crosswhite*, 124 Mo. 34) as well as oral testimony, which tended to show a right to recover in this action. Hence the trial court erred in withdrawing the case from the jury by a peremptory instruction; for it was the exclusive province of the triers of the fact to determine the weight and credibility of the evidence, and they should have been allowed to do so under proper instructions.

Appellant complains of the ruling of the court in admitting in evidence certain letters received by plaintiff from the lawyers employed by it subsequent to the agreement had with the defendant. The record shows that no specific objection was interposed when this evidence was received. Doubtless the court would have excluded this evidence, if proper objection had been made. The court, however, erred in refusing to permit defendant to ask the president of the plaintiff corporation, on cross-examination, whether he had stated to other parties that defendant had not contributed to the expenses of the patent suit, both because this was a legitimate inquiry on cross-examination, and for the reason that an affirmative answer tended to corroborate the theory of defendant that it never made any promise to contribute to the payment of the expenses to be incurred by plaintiff in the prosecution of its defense to the patent suit.

For the foregoing reasons the judgment in this cause will be reversed and the cause remanded. All the judges concur.