JOHN H. SCHROEDER, Respondent, v. CHARLES SEITTZ, Appellant.

St. Louis Court of Appeals, January 5, 1897.

1. **Negotiable Paper:** CHECK FOR VALUE: EVIDENCE. In a suit on a negotiable check, where excluded testimony related merely to what effect was produced on the mind of plaintiff by the fact that the check, transferred to him, was not received by him until ten days thereafter, and it was admitted on the trial that plaintiff paid the transferrer full value for the check, such circumstance was insufficient in law to charge plaintiff with notice of any infirmity or defense to such check. Nor was it material to inquire as to previous occasions on which plaintiff had received payment in checks for goods sold the transferrer.

2. ——: ——: PRELIMINARY EXCLUSION AND SUBSEQUENT ADMISSION OF EVIDENCE: COMPARISON OF HANDWRITING: TESTIMONY OF EXPERTS. Where three certain checks, admitted to be genuine, were shown to witnesses for defendant, and the court at first refused to permit the witnesses to examine them for the purpose of expressing their opinion as to the signature to the check in suit, but allowed each witness to testify that the signature of defendant to such check was not genuine, and the court afterward received the three checks in evidence, and by agreement of the parties said checks were delivered to the jury

and by them taken into the jury room for the purpose of comparison with the check in suit, the jury could not have been prejudiced by the preliminary ruling of the court.

3. ———: ———. Where negotiable paper is received for value in the ordinary course of trade, the rights of the owner can be defeated only by evidence of actual notice on his part of facts impeaching the validity of the instrument.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED; Judge BIGGS concurring; Judge BLAND not sitting.

*Broadhead & Hezel* and *M. McKeag* for appellant.

The court erred in refusing the witnesses of defendant to testify in regard to the genuine signature offered to be proved for the purpose of comparison, and in refusing to permit them to compare writing of defendant, which had been admitted to be genuine, with the check in suit and submit their evidence to the jury. Sec. 8944a, Sess. Acts, 1895, p. 284.

The court erred in sustaining plaintiff's objection to the inquiry of defendant on cross-examination, tending to inquire into the diligence used by plaintiff when he received the check, and to show that if he had made inquiry he would have ascertained facts which would have precluded him from being an innocent purchaser. *Meier v. Bloom*, 80 Mo. 179; *Vaughn v. Tracy*, 22 *Id.* 415.

The court improperly instructed the jury requiring "actual notice of any facts impeaching its validity," actual, presumptive, and constructive notice, not being defined to the jury. Moreover, in this case actual notice was not necessary. *Abbe v. Justus*, 60 Mo. App. 300; *Drey v. Doyle*, 99 Mo. 459; *Buel et al. v. St. Louis T. Co.*, 45 *Id.* 562; *Mueller v. Putnam Ins. Co.*, 1d. 85; *Wiser v. Chesley*, 53 *Id.* 547.

*Cecil V. Scott* for respondent.

The check in question was negotiable commercial paper. *Famous Shoe & C. Co. v. Crosswhite*, 124 Mo. 34.

The general doctrine of notice, as it affects the good faith of the transaction, does not apply to negotiable commercial paper. *Hamilton v. Mackey*, 60 Mo. 178; *Mayes v. Robinson*, 93 *Id*. 122; *Jennings v. Todd*, 118 *Id*. 296–303.

BOND, J.—On the seventeenth of November, 1894, a check purporting to be drawn by Charles Seittz in favor of Henry Altemeyer, or order, for $250 upon the Fourth National Bank, of St. Louis, dated November 7, 1894, was transferred for value to the plaintiff, who brought an action thereon in the justice's court against the drawer, payment of the check having been refused by the bank upon which it was drawn. There was a plea of *non est factum* and judgment for plaintiff for the amount of the check. Upon an appeal to the circuit court, plaintiff again recovered judgment for the amount of said check, from which defendant appeals to this court.

The errors complained of relate to the exclusion of testimony and to the instruction given for plaintiff.

NEGOTIABLE paper: check for value: evidence.

The excluded testimony related merely to what effect was produced on the mind of the plaintiff by the fact that a check dated on the seventh of November was not received by him until ten days thereafter. It was distinctly admitted on the trial of this case that plaintiff paid his transferrer full value for the check at the time it was delivered. This being conceded the circumstance that the check was not transferred by the payee to the

plaintiff until ten days after it was drawn, was insuf-
ficient in law to charge plaintiff with notice of any
infirmity in or defense to the check. Neither was it
material to inquire, as defendant did, as to the previous
occasions on which plaintiff had received payment in
checks for goods sold the transferrer. It is insisted
that the court erred in refusing to permit witnesses for
defendant to examine defendant's signatures to other
checks which were admitted to be genuine
and testify therefrom as to whether the
check in suit was signed by defendant.
It is unquestionably the law upon an issue
as to handwriting that expert witnesses
may compare the writing in dispute with
any writing proved to the satisfaction of the judge to
be the genuine handwriting of the party charged with
the disputed writing, and after such comparison give
their opinion as to the writing in question. Acts of
1895, p. 284, sec. 8904a. *Elsenrath v. Kallmeyer*, 61
Mo. App. *loc. cit.* 434.

PRELIMINARY exclusion and subsequent admission of evidence: comparison of handwriting: testimony of experts.

When three checks admitted to be genuine were
exhibited to the witnesses for defendant, the court at
first refused to allow the witnesses to examine such
checks for the purpose of expressing their opinion as
to the signature of the check in suit. The court, how-
ever, allowed each witness to testify positively that the
signature of defendant to the check in suit was not
genuine. The court then received in evidence the
three checks which were admitted to be genuine, and
by agreement of both parties these checks were
delivered to the jury and taken by them into their con-
sultation room for the purpose of comparison with the
check in suit. It is difficult to see how the defendant
could have been prejudiced by the preliminary ruling
of the court when the checks offered for comparison
were shown to the witnesses. The defendant had the

benefit of positive statements by the witnesses in his favor, and also the benefit of an inspection by the jury of all the checks. The assignment of error relating to the exclusion of testimony will, therefore, be overruled.

The next complaint is of the following instruction:

"The court instructs the jury, that if they believe from the evidence that the defendant, Charles Seittz, signed the check sued on in this action, and delivered the same to Henry Altemeyer, the payee therein named, and that afterwards, and on or about the seventeenth day of November, 1894, said Altemeyer indorsed and paid said check to the plaintiff, and that plaintiff so received same in the usual course of business for value *without actual notice of any facts impeaching its validity*, then the plaintiff is entitled to recover in this action, and you will find a verdict in his favor."

The complaint made of the above instruction is the use of the italicized terms. This objection is grounded on the notion that the court should have defined the difference between actual, presumptive, and constructive notice; it rests upon a misconception of the law of this state applicable to negotiable paper. It is the well settled law of this state that such notice as is sufficient to put a prudent man upon inquiry and charge him with knowledge of such facts as might have been ascertained by ordinary diligence, does not apply to negotiable paper. Where such paper is received for value and in the usual course of trade, the rights of the holder can only be defeated by evidence of actual notice on his part of facts which impeach the validity of the instrument. *Jennings v. Todd*, 118 Mo. *loc. cit.* 304; *Mayes v. Robinson,* 93 Mo. 123; *Hamilton v. Marks*, 63 Mo. 178. The check in suit in this case was a negotiable instrument. *Famous Shoe and Clothing*

NEGOTIABLE paper: check for value.

*Compang v. Crosswhite,* 124 Mo. 34; *Lamp Company v. Mfg. Co.,* 64 Mo. App. 115. Hence there was no occasion for the court to define the kind of notice sufficient to charge plaintiff other than as was done in the language of the above instruction.

Finding no reversible error in this case the judgment will be affirmed. Judge BIGGS concurs; Judge BLAND not sitting.