WILLIAM E. MUTH, Respondent, v. ST. LOUIS TRUST COMPANY, Appellant.

St. Louis Court of Appeals, December 13, 1898.

1. **Assignment of Balance**: CHECK: VALID CONSIDERATION. If the check was for a valid consideration, being for the exact balance due, it effected an assignment of that balance to plaintiff.

2. ——: ——: ——: PRESUMPTION. In the case at bar, there was the presumption of a valuable consideration, supported by the evidence of three unimpeached witnesses that the assignment of the account was for a valuable consideration, and nothing offered by the defendant to the contrary.

3. **Equity Practice**: INJUNCTION. Equity, on a proper showing, will enjoin the prosecution of one suit until another pending between the same parties and concerning the same subject-matter can be heard, but an injunctive remedy can not be interposed by way of a legal defense to the merits of an action at law.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED; Judge BIGGS dissents.

THOS. B. HARLAN for respondent.

Defendant has shown no right to retain the .fund sued for. Homer v. National Bank of Commerce, 140 Mo. 225. The check being for the full amount of the fund was in itself an assignment to plaintiff. Boyer v. Hamilton, 21 Mo. App. 520, 524. The peremptory instruction given at the end of all the evidence was supported by admissions of defendant, and writings, that made a complete case for plaintiff without the aid of oral testimony. It was correctly given. Wolff v. Campbell, 110 Mo. 114; Richardson v. Ellesbe, 115 Mo. 588, 595. The judgment is manifestly for the right party, and should be affirmed. Wolff v. Campbell, 110 Mo. 114, 120. The appeal is frivolous and was taken for vexation and delay.

ISAAC H. ORR for appellant.

The court erred in refusing to transfer the cause to division 2 for trial with other cause, there pending between the parties, or to postpone the trial of this cause until the original cause had been determined. The issues in this cause could not be properly determined until the issues in that suit had been settled. Under the issues joined, the burden of proof was on plaintiff to establish his title to the money on deposit with defendant, at the time suit was instituted. There was direct conflict of evidence on this point, all of which rested on oral testimony, and the issue of fact should have been submitted to the jury. Gregory v. Chambers, 78 Mo. 294; Schroeder v. Railroad, 108 Mo. 322; Wolff v. Campbell, 110 Mo. 114; Mineral Land Co. v. Ross, 135 Mo. 107; Houston v. Tyler, 140 Mo. 266; Kuhl v. Meyer, 42 Mo. App. 474; Dulaney v. St. Louis Sugar Ref. Co., 42 Mo. App. 659.

BLAND, P. J.—This is a suit brought by William E. Muth against the defendant for $1,041.38, the balance due on a deposit account standing on the books of defendant in the name of the United States Shoe Company. Plaintiff alleged that he was the sole owner of the business conducted in the name of the United States Shoe Company, and was the sole owner of this account; that the account was payable on demand; that payment thereof had been demanded by plaintiff and refused by defendant. Defendant admitted the existence of the account, but denied that plaintiff was the owner of said account, denied each and every other allegation of the petition; and further answering, defendant avers that on September 12, 1895, one E. G. Muth, a brother of plaintiff, opened an account with defendant, by depositing with defendant, subject to its rules, the sum of $293.60; that said account was opened under the title of the "United States Shoe Company;" but was, as defendant was advised at the time, the property of the said E. G. Muth, and was deposited subject to the check only of the said E. G. Muth; that said account was continued by the said E. G. Muth, making deposits and drawing checks from time to time, between September 12, 1895, and October 29, 1896, when the last check drawn by said E. G. Muth was presented and paid; that there remained on deposit in said account a balance, which together with the interest allowed under the rules of defendant amounted to $1,041.38, at the date of the filing of the suit herein; that as this defendant was informed and believed, said deposit was the sole property of the said E. G. Muth. And defendant avers that said deposit was at the time of the filing of this suit and still is the property of the said E. G. Muth; that E. G. Muth had in September, 1895, a deposit

account with defendant, which was kept under the name of E. G. Muth & Company; that on January 14, 1897, there was to the credit of this account about $2,100, on which date E. G. Muth & Company drew a check in favor of plaintiff for $1,950, which check plaintiff presented to the defendant for acceptance, and that defendant's employees, without authority, wrote across the face of the check the word "good;" that the plaintiff kept the check for ten months before presenting it for payment, after having procured its certification by the defendant's employee; that during this interval E. G. Muth & Company drew checks against said account, which were paid by the defendant, by which payments the account was reduced to less than $100, when plaintiff presented his check for payment, the defendant refused to pay the check, and plaintiff brought suit thereon against defendant, which suit was pending in division number 2 of the St. Louis circuit court; that defendant's answer to said suit set up as a defense a conspiracy between plaintiff and E. G. Muth, who are brothers, to defraud the defendant, and that the certification of the check by its employee was without the knowledge of the defendant and without authority, and that the amount to the credit of the United States Shoe Company is and would be a proper credit in the hands of the defendant against the amount to be paid on the $1,950 check; that plaintiff knowing this fact, caused· E. G. Muth, on or about January 11, 1898, to draw his check against said account of the United States Shoe Company for said balance of $1,041.38, which action the defendant alleges to have been fraudulent, and to prevent defendant from applying the said sum of $1,041.38 to the payment of the $1,950 check. The defendant moved the court to transfer the cause to division number 2, where the suit on the $1,950 check was pending; this the court refused to do, which

refusal is assigned as error. It was in the discretion of the trial court to transfer or to refuse to transfer the case. The exercise of this discretion is not reviewable here, unless it was unadvisedly exercised; such we do not find to be the case, and rule this assignment of error against the appellant. A trial was had before the the court and a jury. After all the evidence was in the court directed the jury to find the issues for the plaintiff. This direction the appellant contends was erroneous.

Briefly stated the evidence so far as it is relevant to any issue made by the pleadings is as follows: W. E. Muth, E. G. Muth and W. H. Wright, formed a copartnership for the purpose of conducting a shoe store in the city of St. Louis under the firm name and style of the United States Shoe Company. W. H. Wright and W. E. Muth were both dentists, and actively engaged in the practice of their profession. Neither of them gave their time nor attention to the shoe business, but gave the business over to the control of E. G. Muth as the business manager of the firm. E. G. Muth kept the deposit account of the firm with the defendant, and he only was authorized to draw checks against this deposit account. In April, 1897, the plaintiff bought out the interest of both Wright and E. G. Muth in the partnership, and continued the business under the firm name with his brother, E. G. Muth, as manager, until about June 4, 1897, when the firm ceased to do business. At the closing out of the business E. G. Muth gave his brother a check on the defendant, intended to cover the balance standing to the credit of the United States Shoe Company, but as the exact balance was not known the amount was left blank, with authority in the plaintiff to write in. About January, 1898, the plaintiff ascertained the exact balance and undertook to write it in the check, and

in doing so, he testified, he spoiled the check, whereupon E. G. Muth signed and delivered to him the following check, dating it back to the date of the original:

"St. Louis, June 4, 1897.    No.——.

"St. Louis Trust Company.              $1,041.$\frac{38}{100}$

"Pay to the order of W. E. Muth, one thousand and forty-one $\frac{38}{100}$ dollars.

"W. E. MUTH,        UNITED STATES SHOE CO.,

"THOS. B. HARLAN.        E. G. MUTH, Mgr."

Wright and E. G. Muth testified that W. E. Muth in April, 1897, purchased their interests in the United States Shoe Company, and plaintiff produced the receipt of each acknowledging payment for their respective interests. W. E. Muth testified that he held his brother's notes for borrowed money, and that the check for $1,950 was given as payment on these notes, and that the balance on deposit with the defendant to the credit of the United States Shoe Company became his on account of his purchase of the interest of E. G. Muth and Wright in the United States Shoe Company, and that he paid E. G. Muth for his interest by crediting his notes. The indorsement and delivery of the check to Harlan was for collection only.

The answer admitted that $1,041.38, the amount for which the check was drawn, was the exact balance of the credit of the United States Shoe Company on June 4, 1897, the date of the check; it affirmatively stated that E. G. Muth was alone authorized to draw checks against this account, and it admitted that the check was properly drawn and signed by E. G. Muth, but it denied that the check was given for a valid consideration, if the check was for a valid consideration, being for the exact balance to the credit of the United States Shoe Company, it effected an assignment of that balance to the plaintiff. Bank of Commerce v. Bogy, 44 Mo. 18; Walker v. Mauro, 18 Mo.

564; Boyer v. Hamilton, 21 Mo. App. 520. The defendant offered no evidence whatever contradictory of the testimony of the plaintiff, E. G. Muth and Wright, that plaintiff had become the sole owner of the United States Shoe Company and of the deposit account by purchase of the interest of E. G. Muth and Wright in the company; but the appellant contends that this issue should have been submitted to the jury,—that the jury might not have believed the witnesses. Counsel overlooks the fact that the check itself imports a consideration. Lindell v. Rokes, 60 Mo. 249; Skinner v. Skinner, 77 Mo. 148; Taylor v. Newman, 77 Mo. 257; Lamp Co. v. Mfg. Co., 64 Mo. App. 115; Wolff v. Campbell, 110 Mo. loc. cit. 120. So there was the presumption of a valuable consideration, supported by the evidence of three unimpeached witnesses that the assignment of the account was for a valuable consideration, and nothing offered by the defendant to the contrary. It was for the trial court in the first instance to say whether there was any evidence tending to support the defense of want of consideration, and if in its opinion there was none, to direct a verdict for the plaintiff. Callihan v. Warne, 40 Mo. 131; Twohey v. Fruin, 96 Mo. 104; Wolff v. Campbell, 110 Mo. 114; Bank v. Hainline, 67 Mo. App. 463. We think the circuit court under all the evidence in the case wisely exercised its judicial function in directing a verdict for the plaintiff. The plea of the pendency of the other suit in division number 2 on the $1,950 check constituted no defense to this action. A precedent for this plea is not to be found in the books. Equity, on a proper showing, will enjoin the prosecution of one suit until another pending between the same parties and concerning the same subject-matter can be heard, but we have yet to learn that this injunctive remedy can be

interposed by way of a legal defense to the merits of the action at law.

Perceiving no reversible error in the record, the judgment is affirmed. All concur. On motion for rehearing Judge BIGGS withdraws his concurrence and dissents.