### JULIA A. SNYDER v. AUGUST SCHARDT.

RULING ON DEMURRER SUSTAINED BY SUBSEQUENT VERDICT.

It is immaterial on review whether or not the court below erred in over-ruling the demurrer to the second cause of action, where a special find-ing by the jury, supported by the evidence, sustains the verdict returned for the plaintiff on the first cause of action.

ERROR to Hamilton common pleas court.

**E. B. Gregg,** for plaintiff in error.

**Closs & Luebbert,** for defendant in error.

**GIFFEN, J.**

The special finding of the jury, which is sustained by the evidence, supports the general verdict in favor of the plaintiff upon the first cause of action, and hence it is immaterial whether the court erred in overruling the demurrer to the second cause of action.

If, however, the plaintiff before the request was made by the defendant, had already agreed with the adjoining lot owner to do and perform the same work for a valuable consideration, the promise of the defendant to pay therefor, whether expressed or implied, would be without consideration.

It would be no detriment to plaintiff to do that which he was before bound to do, nor would it be any benefit to the defendant to receive that

Snyder v. Schardt.

which was already assumed. *Kansas City, St. J. & C. B. Ry.* v. *Morley,* 45 Mo. App. 304; *Putman* v. *Woodbury,* 68 Me. 58.

The contract of plaintiff with the adjacent lot owner required him to shore and brace the building of the defendant, and construct a new wall under the old wall to the depth of the footings of the new building, but it did not require him to tear down and rebuild the old wall condemned by the building inspector, although the plaintiff included all expenses incurred in building the wall up from a depth of nine feet below the curb, amounting in all to $450. The jury seems to have carefully distinguished between that required by his contract with the adjacent lot owner and that required by his contract with defendant, allowing him only $200, without interest, and we think the judgment should be affirmed.

**Swing** and **Smith, JJ.,** concur.