WALTER J. BRANNOCK, Respondent, v. JAS. N. MAGOON et al., Appellants.

Kansas City Court of Appeals, February 7, 1910.

1. TRUSTS: Voluntary Conveyance: Delivery of Possession of Property Conveyed. A voluntary conveyance in trust without any consideration will not be valid unless there has been a change of possession so as to put it out of the power of the donor to repossess the property.

2. BILLS AND NOTES: Transfer by Separate Instrument: No Consideration. The assignment of a note may be made by an instrument other than the note but a transfer thereunder cannot be compelled unless there is a consideration for such assignment.

3. RES ADJUDICATA: Different Issues Involved. A finding in one suit that a deed of trust was not invalid for fraud is not a finding in another suit between the same parties that the deed of trust is not invalid for lack of consideration.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover*, Judge.

REVERSED.

*G. B. Silverman* for appellants.

(1) It is certainly true that a court of equity will lend no assistance toward perfecting a voluntary contract or agreement for the creation of a trust, nor regard it as binding so long as it remains executory. Before the trust deed, or any of its parts, could be enforced between the parties hereto, the transfer and delivery from the donor to the trustee of the $2,000 note must be absolute and unqualified. It is the established law that a court of equity cannot by any authority, render a gift perfect which the donor has left imperfect. In re Estate of Soulard, 141 Mo. 642. (2) The trust deed is a gift and intended to convey three separate distinct items of property. There must be such a change of the possession from the donor to the donee, or the trustee, so as to put it out of the power of the donor to repossess herself of the property. Deering v. Kenmoore, 86 Mo. 588; Gartside v. Pahlman, 45 Mo. App. 164; Thomas v. Thomas, 107 Mo. 459. (3) Equity will not compel the enforcement of a voluntary gift whether it be by deed or otherwise, so long as the obligation is executory. The leading, controlling authority in cases of this kind, where courts of equity will not aid a trustee or a donee in an attempted equitable enforcement of a written voluntary conveyance, without consideration and without delivery is, Badgby v. Votrain, 68 Ill. 25, 18 Am. Rep. 541.

*L. W. Byram* and *Webster, Gilmer & Crowley* for respondent.

(1) The deed of trust in question was not a voluntary conveyance but was supported by a valuable consideration. 14 Am. and Eng. Ency. Law (2 Ed.), 1008; Benj. on Sales (6 Am. Ed.), secs. 1 to 4 and notes; German v. Gilbert, 83 Mo. App. 411; Lamp Co. v. Mfg. Co., 64 Mo. App. 115; Ridenbaugh v. Young, 145 Mo. 274; Houck v. Frisbee, 66 Mo. App. 16; Williams v. Jansen, 75 Mo. 681; Carr v. Card, 34 Mo.

513; 6 Am. and Eng. Ency. Law (2 Ed.), 678, 703; 28 Am. and Eng. Ency. Law (2 Ed.), 890; Jackson v. Railroad, 54 Mo. App. 636; Bobb v. Bobb, 89 Mo. 411; Draper v. Shoot, 25 Mo. 197; Donnell v. Wright, 147 Mo. 647; Hamilton v. McLean, 139 Mo. 678, 169 Mo. 51; Bates v. Hamilton, 144 Mo. 1. (2) The title to a promissory note may be transferred by a written assignment for value without delivery of the note. Goodwin v. Kerr, 80 Mo. 276; Scofield v. Burkett, 90 Mo. 465; Kuykendall v. McDonald, 15 Mo. 416; McGee v. Riddlesbarger, 39 Mo. 365; 2 Am. and Eng. Ency. Law (2 Ed.), 1059; Woodburn v. Cogdal, 39 Mo. 222; 24 Am. and Eng. Ency. Law (2 Ed.), 1045, note 3; Benjamin on Sales (6 Am. Ed.), sec. 2.

BROADDUS, P. J.—This is a suit to charge certain real estate with a trust.

On May 11, 1899, Lydia E. Brannock, a widow, executed a deed conveying in trust certain personal and real property to R. F. Stephenson for the benefit of certain other persons therein named. The personal property consisted of two promissory notes payable to the said Lydia, one for the sum of $700, and the other for $2,000, and the real estate was a certain block of ground situated in Kansas City.

By the terms of the trust the title to the property was to remain in trust during the life of the said Lydia, she to have the use and income thereof during her life, and at her death it was to go to and vest in certain beneficiaries among whom was the plaintiff, her only child. On the date of the execution of the deed Mrs. Lydia married her codefendant James N. Magoon.

All the property remained in the possession of Mrs. Lydia and she managed and controlled it from that time on as she had formerly done and no demand was ever made by the trustee for the possession thereof at any time.

In October, 1899, Mrs. Magoon and her husband instituted suit to set aside the said deed on the alleged grounds that it was obtained by misrepresentation and fraud. The finding of the court was against her and the action was dismissed. During the pendency of that suit Stephenson resigned as trustee and defendant Boor who refused to join as plaintiff in this action, was appointed as his successor. Soon thereafter Mrs. Magoon delivered the $700 note to Mr. Boor, who sold the same and with a part of the proceeds realized from its sale paid the costs of the suit and retained the residue as trustee.

On or about the 8th day of May, 1901, Mrs. Magoon sold and delivered the $2,000, note to Uri J. Hill and received in cash therefor $1,977.50.

On the 31st day of May, 1901, James N. Magoon the husband bought certain real estate in Kansas City, the total cost of which was the sum of $1,500, and he afterwards erected a building thereon.

Walter J. Brannock, son of Mrs. Magoon, and one of the beneficiaries named in the deed instituted this suit to impress the said real property bought and improved by the said James N. Magoon with the trust created by said deed. The allegations of the petition are that the said realty was purchased with and improved with the proceeds of the sale of said $2,000 note which he had obtained from Mrs. Magoon. The answer is a general denial, and that the trust deed was a nullity in so far as it related to said note, for the reason that the deed was voluntary, without consideration and the trust unexecuted, it being in the nature of a gift *inter vivos*.

The recitation in the deed of the consideration is as follows: "Witnesseth, that the said party of the first part in consideration of the acceptance of the trust herein mentioned by the party of the second part, and the sum of one and no one hundredth dollars paid by

the party of the second part, the receipt of which is hereby acknowledged, etc."

The court found from the evidence that $1,700, of the proceeds of the sale of said note was invested by defendants Magoon in said real estate for the fraudulent purpose of defeating the trust and entered a decree charging it with the trust to that extent. The decree also disposes of other matters to which it is not necessary to give any particular attention. The finding in that respect we believe was fully supported by the evidence. The Magoons appealed.

The only question for consideration is one of law. The contention of Mrs. Magoon is that the original transaction was in the nature of an intention to create a trust *inter vivos;* and that there being no consideration for its execution, it being voluntary—and no delivery of the property the deed is void, and therefore a court of equity will not aid its enforcement.

It is held by our courts that in cases of voluntary conveyances in trust, there must be such a change of possession as to put it out of the power of the donor to repossess the property. The law is thus stated: "To constitute a valid gift among the living, there must be an intention to give and a delivery of the property to the donee, or to some one for him. An intention to give is not sufficient; the intention must be executed by a complete and unconditional delivery." [In re Estate of Soulard, 141 Mo. 642.] "Delivery of possession either actual or constructive is essential to a gift of corporeal personalty." [Doering v. Kenamore, 86 Mo. 588; Gartside v. Pahlman, 45 Mo. App. 160; Thomas v. Thomas, 107 Mo. 459.]

It is however claimed by plaintiff that the deed in question is not a voluntary conveyance, but was supported by a consideration of one dollar and the acceptance of the trust by the trustee. It is said: "A consideration may be good in law though it be of no value to the party to whom it moves. If it be a dam-

age or inconvenience to the other party, that will be sufficient." [Williams v. Jensen, 75 Mo. 681; Houck v. Frisbee, 66 Mo. App. 16; Lamp Co. v. Mfg. Co., 64 Mo. App. 115.]

And it is further contended that there was a sufficient transfer, in that the conveyance itself by its terms operated as such. It is held that the title to a note may be transferred by a separate writing. [McGee v. Riddlesborger, 39 Mo. 366; Kuykendall v. McDonald, 15 Mo. 416; Schofield v. Burkett, 90 Mo. 465; Goodwin v. Kerr, 80 Mo. 276.]

If the transaction is to be treated as an ordinary contract entered into between two persons affecting their individual rights of property the deed perhaps is supported by a valuable consideration. But Stephenson the trustee had no interest in the property, and was not bound thereby unless he undertook to carry out the trust. It was voluntary as to him. And there was no consideration named as to the beneficiaries either good or valuable, it was also a voluntary conveyance so far as they were concerned. Notwithstanding a note may be transferred by separate writing, yet if there was no sufficient consideration therefor it would be a nullity.

If Stephenson, the trustee, had taken possession of the note and assumed to carry out the provisions of the trust it would have been completed or it would have been an executed trust. The question was extensively discussed in In re Estate of Soulard, supra. The rule is expressed in Stone v. Hackett, 12 Gray 227, and adopted by the court, viz.: "A voluntary gift or conveyance of property in trust, when fully completed and executed, will be regarded as valid, and its provisions enforced against all persons, except creditors or *bona fide* purchasers without notice. It is certainly true that a court of equity will lend no assistance toward perfecting a voluntary contract or agreement for

the creation of a trust, nor regard it as binding so long as it remains executory. But it is equally true that if such agreement or contract be executed by a conveyance in trust, so that nothing remains to be done by the grantor or donor to complete the transfer of the title, the relation of trustee and *cestui que trust* is deemed to be established and the equitable rights and interests arising out of the conveyance though made without consideration, will be enforced in chancery."

Under the rule thus clearly and comprehensively expressed, it seems to us the trust was only executory until completed by a delivery of the personalty. This case fairly illustrates the rule. No change of possession having been made and none tendered, the trustee could not have compelled a delivery of the property. In order for him to have been enabled to carry out the requirements of the trust he must have had possession of the property. He was powerless to act. The very fact that the donor or grantor had possession and control of the note and actually sold it and converted the proceeds to her own use is incontestable evidence of the incompleteness of the gift.

In the prior suit of Mrs. Magoon to set aside the deed on the ground of fraud the issue herein was not involved and the judgment in that case is not available as a bar to her defense in this.

The trust being without consideration, therefore voluntary, and incomplete, a court of equity will not give aid to its enforcement.

Reversed. All concur.