WILLIAMS, *Plaintiff in Error,* v. JENSEN.

1. **Married Woman Signing a Note, Without Separate Estate:** BURDEN OF PROOF. The signature of a married woman to a note already issued, adds nothing to the note, does not change the legal liability of the parties already bound, and, therefore, does not constitute an alteration, of which one of them may take advantage when the signature has been obtained without his consent—unless the married woman has a separate estate; and the burden of proving that she has such separate estate rests upon the person asserting that the signature constitutes an alteration.

2. **Consideration, what is a Sufficient:** SURETY: RELEASE BY EXTENSION OF TIME. A consideration may be good in law though it be of no value to the party to whom it moves. If it be a damage or inconvenience to the other party, that will be sufficient. Thus, where the holder of a promissory note agreed with the maker to extend the time of payment provided he would get A. (a married woman) to sign the note; *Held,* that the procurement of A.'s signature (though for want of a separate estate it was of no legal effect), was a sufficient consideration for the extension, and that a surety, without whose consent the signature had been obtained, was thereby discharged.

*Error to Pike Circuit Court.*—HON. G. PORTER, Judge.

AFFIRMED.

*E. T. Smith* for plaintiff in error.

1. The signing of the note by Mrs. Stonebreaker, she being a married woman without any separate estate, was an absolute nullity, and did not constitute a valid consideration for the agreement not to sue. Daniel Neg. Inst., (2 Ed.) 206; *Mason v Morgan,* 2 Ad. & El. 30; *Howe v.*

*Wilder*, 34 Me. 566; *Vansteenbergh v. Hoffman*, 15 Barb. 28; *Bauer v. Bauer*, 40 Mo. 61. Therefore, the contract was not binding on the plaintiff and he could have sued at any time, and hence the surety was not discharged.

2. The note was not so altered by the signature of Mrs. Stonebreaker as to discharge the surety. Her signature was an absolute nullity, and the legal effect of the note was just the same before as after her name was affixed to it. The liability of Jensen was in no way altered by her signing. *Catton v. Simpson*, 8 Ad. & El. 136; 2 Parsons Bills, 549.

*W. H. Biggs* for defendant in error.

1. Any change of a written instrument which varies its original legal effect either in respect to the obligation or to the force and effect of the instrument itself as a matter of evidence is a material alteration, and will discharge all parties not consenting to the change. *Haskell v. Champion*, 30 Mo. 136; *Medlin v. Platte Co.*, 8 Mo. 238; *Moore v. Hutchinson*, 69 Mo. 429; *Evans v. Foreman*, 60 Mo. 449; *Capital Bank v. Armstrong*, 62 Mo. 59; *German Bank v. Dunn*, 62 Mo. 79. It was sufficient for Jensen to show that the name of Mrs. Stonebreaker was added to the note without his knowledge or consent. *Prima facie* this would operate as a material alteration, and if the fact that she had no separate property would render the change an immaterial one, then it devolved on plaintiff to show this. 2 Daniel Negt. Inst., § 1389. But it makes no difference whether defendant's original obligation was changed by adding the name of Mrs. Stonebreaker or not, or whether plaintiff was in any way benefited by the change. If the identity of the instrument was destroyed, or its force and effect as a matter of evidence in any way varied, this makes the change a material one.

2. The proposition to Stonebreaker was that he should procure his wife's signature, and in consideration of that

he was to have the extension. He procured the signature, and that constitutes a sufficient consideration for the promise for extension. The consideration is sufficient if he was put to any trouble or detriment in obtaining his wife's signature ; any consideration, however small, will sustain the contract. If the contract had been that Stonebreaker should furnish good additional security, then probably the plaintiff would be right.

HOUGH, J.—On the 8th day of June, 1878, John E. Stonebreaker and the defendant, H. F. Jensen, executed a note to the plaintiff, A. W. Williams, for $475, due three months after date, on which this suit is founded. About the time of the maturity of the note, Williams agreed with Stonebreaker that if he would get his wife, Alicia M. Stonebreaker, to sign the note, he would extend the time of payment to August 1st, 1879. Williams knew that Jensen, who signed the note as joint maker, was surety only, and it is conceded that Jensen did not know at the time, that Mrs. Stonebreaker had signed the note, or that Williams had agreed to extend the time of payment, and he never consented thereto. There is no testimony tending to show that at the time she signed the note Mrs. Stonebreaker had any separate estate.

Jensen now contends that he is released from all liability on said note, for two reasons ; 1st, Because the addition of the name of Mrs. Stonebreaker as a joint maker of said note is such an alteration as discharged him ; and 2nd, Because the time of payment was extended by the plaintiff in pursuance of a valid contract therefor, without his consent.

As the signature of Mrs. Stonebreaker imposed upon her no legal liability whatever, being in contemplation of law a nullity, the responsibility of the parties to the note was in no way increased or diminished or otherwise changed by the addition of her name thereto. Precisely the same legal

1. MARRIED WOMAN SIGNING A NOTE, WITHOUT SEPARATE ESTATE : burden of proof

liability attaches to all the parties, since Mrs. Stonebreaker signed the note, which previously attached to them, and the same rights and remedies, and none other, exist, which previously existed. If all the original parties to the note had consented to the addition of her name, it would not in the slightest degree have altered their relations to the note, or to each other. As the consent of the parties could add nothing to the validity of her signature, neither can the absence of consent constitute her signature an alteration of the note. When written, it was in the eye of the law, and still is, nothing—and the defendant remains liable just as he was before it was appended. It is unnecessary to cite authorities in a case like this. The general rule is well understood ; we have found no case in all respects like the present, and no light is to be drawn from analogous cases. We pronounce Mrs. Stonebreaker's signature to be no alteration. An alteration *ex vi termini* imports a change in some particular. Her signature changed nothing. *Vide Cushing v. Field*, 10 Reporter 334. If she had capacity to contract by reason of having a separate estate, the burden was on the defendant to show it.

As to the second point. The bill of exceptions contains the following statement: "Mrs. Stonebreaker, who 2. CONSIDERATION, signed the note, was my wife, and she signed WHAT IS A SUFFI- CIENT: surety the note in consideration of Mr. Williams release by exten- sion of time. giving me additional time to pay it. He agreed if I would get my wife to sign the note he would extend the time to August 1st, 1879." Williams doubtless intended and expected not only to obtain the signature of Mrs. Stonebreaker but to obtain also some obligation on her part. Yet he must be presumed to know the law, and to know, therefore, that her signature could create no legal obligation. Mrs. Stonebreaker appears before us only as a married woman without any separate estate, and, therefore, powerless to contract. Whether Mrs. Stonebreaker was seized of property not her separate estate, which the defendant supposed she might feel some moral obligation to

apply to the payment of the note which he desired her to sign, is not disclosed by the record. Whatever may have been his motive, he agreed to extend the time of payment upon the condition that her husband would obtain her signature to the note; and the obtainment of her signature, though such signature be of no value to Williams, constitutes a sufficient consideration for his agreement to extend the time of payment. It is not always necessary that the consideration for a promise should be of some value to the promisor. Damage or inconvenience to the promisee is a sufficient consideration, and where the court can see that there may have been such inconvenience, it will uphold the contract. It may have been an inconvenience for Stonebreaker to secure the signature of his wife, and this much appearing, the law will shut its eyes to the inequality between the consideration and the promise. In the case of *Lindell v. Rokes*, 60 Mo. 250, Rokes promised to pay Lindell $50 if the latter would abstain from the use of intoxicating liquors and beer for a stated length of time, and the promise was held to be valid and binding. In *Haigh v. Brooks*, 10 Ad. & El. 309, it was held that a piece of paper upon which a void contract was written was a sufficient consideration for a guaranty of £10,000; and in *Sturlyn v. Albany*, Cro. Eliz. 67, the showing of a deed was held to be a sufficient consideration for a promise to pay rent. In *Brooks v. Ball*, 18 Johns. 337, a promise to pay a certain demand if the claimant would swear to its correctness, was enforced. Any trouble or labor however slight, undertaken by one person at the request of another, will support a promise by such other person, although the trouble or labor be of no benefit to the promisor. Addison on Contracts, (Morgan's Ed.) § 9; *Clark v. Sigourney*, 17 Conn. 511. Being of opinion that the agreement to extend the time of payment was supported by a sufficient consideration, the judgment, which was for the defendant, will be affirmed. The other judges concur.