DANIEL FITZGERALD, Administrator of the Estate of
JULIA HUGHES, Deceased, Respondent, v.
PATRICK FLEMING, Appellant.

St. Louis Court of Appeals, May 1, 1894.

Promissory Notes: CONSIDERATION: SUFFICIENCY OF EVIDENCE. In
order to be sufficient in law to support a contract, a consideration
need not be adequate in point of value. And *held*, that the evidence
in this cause establishes a sufficient consideration for a promissory
note sued upon therein.

*Appeal from the Knox Circuit Court.*—HON. BEN. E.
TURNER, Judge.

AFFIRMED.

*L. F. Cottey* for appellant.

The evidence clearly discloses that the defendant
did not owe Julia Hughes anything at the date of the
execution of the note, and that the note was not given
for an indebtedness due her. The note was only *prima
facie* evidence of consideration. When the defendant
adduced evidence in rebuttal of the plaintiff's *prima
facie* case, the burden was cast upon the plaintiff to
establish, by a preponderance of the evidence, that the
note was based upon a valuable consideration. *Feurt
v. Ambrose,* 34 Mo. App. 360; *Bogie v. Nolan,* 96 Mo.
85. There is no evidence, which this court can con-
sider, that the defendant was indebted to the estate of
Patrick Hughes at the date of the execution of the
note. The alleged statement of Julia Hughes,
that she was present and saw her husband pay defend-
ant $500 in his lifetime, can not be considered as
any evidence of such indebtedness, because she, be-

ing the wife of Patrick Hughes, was not a competent witness to said transaction. Revised Statutes 1889, sec. 8922; *Waddle v. McWilliams*, 21 Mo. App. 298; *Herndon v. The Triple Alliance*, 45 Mo. App. 426; *Brandon v. Dawson*, 51 Mo. App. 237; *Holman v. Bachus*, 73 Mo. 49.

*O. D. Jones* for respondent.

BOND, J.—Plaintiff sued as administrator of Julia Hughes upon a note for $500 made by defendant May 23, 1891, and payable to the order of her intestate on or before December 24, 1892, with eight per cent. interest after maturity. The defendant pleaded want of consideration.

The evidence adduced by defendant shows that the note sued on was given as part of a transaction of release (signed by Daniel Fitzgerald, then administrator of Patrick Hughes, and by Julia Hughes, wife of said Patrick Hughes) of a deed of trust on land and a chattel mortgage, executed to Patrick Hughes by Patrick Fleming "about the time he, Fleming, was sued on a bond of Peter J. Reid, state collector of Knox county;" that, pending the execution of said releases, Mrs. Julia Hughes (the testatrix of plaintiff) told the defendant that he must pay $500 which he owed her late husband, before she would sign any release; that he replied thereto: "You know very well I only gave that deed of trust and chattel mortgage to your husband only as a protection to myself in that suit where I was sued on the bond of Peter J. Reid."

She admitted this might be true, but said "she did know that he got the $500 from her late husband, Patrick Hughes, and promised to give his note, but then failed to do it." He then said to her: "Sister, you know I haven't got any money." After this, she

still declining to join in the releases and starting to go away, he directed an attorney to draw up the note in suit which was executed, after its date and tenor had been fixed by agreement and consent.

On the cross-examination of defendant's witness the following question was put and the following answer was given, to wit:

"*Q.* Mrs. Hughes did not claim when, where, nor under what circumstances the $500 was paid to Fleming? *A.* No, but she said she saw it paid to him and she wanted it, and he replied by saying he did not have any money."

The court excluded the testimony offered by defendant tending to show that, about June 1, 1890, or shortly before Patrick Hughes left Missouri and his subsequent death, he stated in conversation that he and defendant had settled their differences, and that "at that time" defendant did not owe him, Hughes, anything.

The court also excluded the records of the probate court of Knox county, offered by defendant to show that the note sued on was not inventoried as an asset of the estate of Patrick Hughes, deceased. Thereupon the court instructed the jury to find a verdict for the plaintiff for the note and interest thereon. From a judgment rendered upon a finding in pursuance of this direction the present appeal is taken.

The main question on this appeal is whether or not the note in suit was based on any consideration. Unless that can be answered in the affirmative, the judgment herein must be reversed.

The note was given for a sum, which it was alleged the maker owed the husband of the payee. When the charge of indebtedness was made, the defendant did not deny the same, but merely replied that he had no money. He, however, insisted that the payee should

join the administrator of her husband's estate in executing a release to him of certain property which he had previously conveyed to her husband, which conveyance was not supported by any further consideration than a purpose to protect the property of defendant from the results of a suit against him as an obligor on a bond.

It is clear that the defendant had no legal right to demand a reconveyance of the property in question.

After the note in suit was given, the administrator and widow of the grantee joined in executing a release of the title to this property to defendant. The administrator was a proper party to this release, and so was the widow to the extent of her interest as doweress in the personal estate of her husband. There was, therefore an element of gain to the defendant, as well as loss or damage to the widow, to the extent of her rights as such, resulting from the cancellation of the conveyances made by defendant. This furnished a consideration for the note sued for.

In order to be sufficient in law, a consideration need not be adequate in point of value. *Marks v. Bank of Missouri*, 8 Mo. 316. Nor is it necessary that the consideration should be of value to the promissor. *Williams v. Jenson*, 75 Mo. 681. In the last case it was held that the addition of a married woman's signature to a note—although a nullity, and adding nothing to the note—was a sufficient consideration for an agreement for further time of payment.

In the case at bar the signature of the administrator and the widow to the release given defendant did in different degrees add force and value to that instrument, and therefore, constituted a sufficient consideration for the note in controversy. We do not decide that the execution of the note herein in any way paid, discharged or affected the indebtedness, if

any, due from defendant to Patrick Hughes. We only hold that the present note is supported by an independent consideration sufficient to warrant a recovery thereon.

It is not shown that the release of his property, secured by the defendant in exchange for his note, has become impaired or valueless. He is still in possession of that consideration, and can not, while thus enjoying its fruits, resist the payment of the note given therefor.

These conclusions demonstrate that the court did not err in excluding the testimony offered by defendant as irrelevant. That testimony was also inadmissible on other grounds, since it did not purport to prove that the admissions sought to be shown were made *after* the time defendant obtained the $500 from her husband, as charged by Mrs. Hughes. Nor were the admissions in question made by a party to the record.

Neither did the court err in excluding the testimony sought to be introduced by defendant in reference to the administration of the estate of Patrick Hughes. Such evidence had no bearing on the issue in this case.

The result is, that the judgment herein is affirmed. All concur.

ON MOTION FOR REHEARING.

ROMBAUER, P. J.—The motion in this case is based on the sole ground that the opinion assumes that Mrs. Hughes joined in the release, whereas, the evidence shows that the release was executed by Fitzgerald, the administrator of Patrick Hughes, alone.

Conceding that appellant's contention in that respect is correct, how does that affect the propriety of

the judgment rendered? The action is upon a promissory note, which instrument both under the law merchant and under our statute, imports a consideration. The defendant pleads want of consideration. The burden of showing this was upon him. He introduces evidence tending to show that the note was executed to Mrs. Hughes in payment of a debt which she claimed was due from the defendant to her deceased husband. He also shows that Mrs. Hughes, in consideration of the execution of the note, consented to the execution of a release by the administrator. Whether she joined in the release or not is immaterial, since her consent alone might estop her. The defendant's evidence, therefore, instead of showing a total failure of consideration, has a tendency to show some consideration of a character deemed valuable in law. The adequacy of the consideration, as above seen, is an immaterial question.

The motion for rehearing is overruled. Judge Bond concurs. Judge Biggs, absent.