GARDNER v. CRENSHAW, *Administrator, Appellant.*

Division One, May 14, 1894.

1. **Practice:** MOTION TO ELECT ON COUNTS: HARMLESS ERROR. Plaintiff sued in two counts, one on a special contract, the other for reasonable compensation for services rendered. Defendant moved to require plaintiff to elect between the two counts. The motion was denied. At the trial plaintiff dismissed as to one of the counts, and went to the jury on the other only; *held,* that the ruling denying the motion for an election between the counts was harmless, and its correctness a mere abstract question on appeal.

2. ———: EVIDENCE. Testimony is not irrelevant or incompetent because it tends to support only part of plaintiff's case. .

3. **Contract:** ACCEPTANCE: EVIDENCE. Acceptance of a proposal for a contract may be established by circumstantial, as well as by direct, testimony.

4. ———: EVIDENCE. Evidence of a prior contract with another person may be admissible upon an issue as to a contract with a different person, where the later contract refers to the terms of the former.

*Appeal from Dekalb Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*S. G. Loring* for appellant.

(1) The court erred in denying appellant's motion to compel the defendant to elect upon which of the two counts of her petition she would proceed to trial. The two counts were inconsistent. *Soap Works v. Sayers*, 51 Mo. App. 310; *Roberts v. Railroad*, 43 Mo. App. 287; *Chambers v. King*, 8 Mo. 517; *Christy v.*

*Price*, 7 Mo. 431; *Stalling v. Sappington*, 8 Mo. 118; *Earp v. Tyler*, 73 Mo. 618; *Moore v. Mfg. Co.*, 113 Mo. 109. (2) The court erred in admitting any evidence upon the first count of the plaintiff's petition. *Bruner v. Wheeler*, 46 Mo. 366; 3 Am. and Eng. Encyclopedia of Law, p. 656; *Bellup v. Daggs*, 38 Mo. App. 367; *Earp v. Tyler*, 73 Mo. 617; *Sanford v. Railroad*, 40 Mo. App. 20; *State v. Roberts*, 62 Mo. 390. (3) Even if the declarations testified to by plaintiff's witnesses had been made, they would not be sufficient to make out a contract in her favor. *Woods v. Land*, 30 Mo. App. 181. (4) The court erred in giving instructions 1 and 2 for plaintiff, *first*, because there is no evidence upon which to base them; *second*, because said two instructions are not responsive to the issues in the case. (5) The court erred in refusing the second instruction prayed for by the defendant. The rule is well settled that to render a proposed contract valid there must be an accession to its terms by both parties. A mere voluntary compliance with its conditions by one who had not previously assented to it does not render the other liable. *Cangas v. Mfg. Co.*, 37 Mo. App. 308; *Green v. Cole*, 103 Mo. 70; *Taylor v. Von Schraeder*, 107 Mo. 244; *Johnson v. Fessler*, 7 Watts, 48; *Bell v. Newton*, 7 Cush. 599; *Knapp v. Roche*, 94 N. Y. 329. (6) The court erred in refusing the third instruction asked by defendant. 3 Am. and Eng. Encyclopedia of Law, bottom p. 861, notes 1, 2. (7) It was error to add to said third instruction the words "unless you further believe that she came in pursuance of the contract alleged in plaintiff's petition" and then giving it as the law of the case. *Ins. Co. v. Seminary*, 52 Mo. 480; *Merril v. Givens*, 34 Mo. 98; *Robinson v. Drane*, 100 Mo. 275. (8) The court erred in refusing defendant's sixth instruction and in overruling his motion for a new trial.

*Casteel & Haynes* for respondent.

(1) There were two counts in plaintiff's petition but only one cause of action stated. The first count was on a special contract and the second on a *quantum meruit*. Each covers the same time, is for the same services and asks judgment for the same sum. It is not shown wherein appellant was injured by denial of his motion to elect. *Brinkman v. Hunter*, 73 Mo. 172; *Brownell v. Railroad*, 47 Mo. 239; *Ranney v. Bader*, 48 Mo. 539; *Brady v. Connelly*, 52 Mo. 19; *St. Louis v. Allen*, 53 Mo. 44; *Owens v. Railroad*, 58 Mo. 386; *Gaslight Co. v. St. Louis*, 86 Mo. 495. (2) The defendant did not point out by demurrer where the petition failed to state a cause of action or was defective. "If a material matter be not expressly averred in the pleadings, but is necessarily implied from what is expressly stated therein, the defect is cured by verdict in favor of the party so pleading, on the presumption that he has proved upon the trial the facts insufficiently averred." *Shaler v. Van Wormer*, 33 Mo. 386; *Frazer v. Roberts*, 32 Mo. 457; *Bowie v. City of Kansas*, 51 Mo. 454; *Grove v. City of Kansas*, 75 Mo. 672; *Mellor v. Railroad*, 105 Mo. 456. And if in such case defendant pleads to the merits, he thereby waives the objection to mere formal defects, and will not be heard on the trial to object that the petition does not state a cause of action. R. S. 1889, sec. 2113, subdivisions 8 and 9; *Roberts v. Walker*, 82 Mo. 200; *Grove v. City of Kansas*, above cited. (3) If the evidence offered only forms a link in the chain of testimony, although not sufficient in itself to establish the cause of action or defense, it should be admitted. *Platte Co. v. Marshall*, 10 Mo. 345; *Lane v. Kingsbury*, 11 Mo. 402; *Budd v. Hoff-*

*heimer*, 52 Mo. 297. (4) The fact that plaintiff saw proper to rely on the first count of his petition, and only ask for a finding thereon, is no ground of complaint on the part of appellant. The authorities are conclusive that both counts might have been submitted to the jury and a general finding would have been good where there is only one cause of action, but stated in different ways for the purpose of so varying the form of the statement as to meet any possible state of the proof. *Clemens v. Collins*, 14 Mo. 605; *Brownell v. Railroad, supra*; *Brady v. Connelly, supra; Owen v. Railroad, supra; Lancaster v. Ins. Co.*, 92 Mo. 460. If the evidence upon any theory was admissible, and the jury would not have found differently in any reasonable probability, then the verdict should stand and no new trial should be granted. *Linneus v. Dusky*, 19 Mo. App. 20; R. S. 1889, sec. 2303. (5) If there was any evidence tending to prove the contract sued on, or evidence from which the jury might reasonably infer that there was such a contract, the case was properly submitted to the jury. *Wilson v. Board*, 63 Mo. 137; *Cook v. Railroad*, 63 Mo. 397; *Buesching v. Gaslight Co.*, 73 Mo. 219; *Kelly v. Railroad*, 70 Mo. 604; *Groll v. Tower*, 85 Mo. 249; *Noeninger v. Vogt*, 88 Mo. 589. If the instructions as a whole are correct and not calculated to mislead, the fact that all requirements are not in one instruction is not error. *Karl v. Railroad*, 55 Mo. 476. (6) It was not error to refuse appellant's second and third instructions as asked.

BARCLAY, J.—This is an action to recover of defendant, as administrator of the estate of Dr. Paramore, compensation for services to the latter in his lifetime.

The petition contains two counts. The first count charges that the plaintiff was engaged by Dr. Paramore

(then old, infirm and almost blind) to nurse and take care of him and attend to his household affairs during his life, for the sum of $5,000; that plaintiff performed the contract but was never paid, etc.

The second count sets up a demand for the same sum as the reasonable value of services rendered by plaintiff to the doctor at his request. Both counts furnish a full statement of the circumstances of plaintiff s employment and all other facts necessary to her recovery of compensation therefor.

The defenses are a denial of the allegations of the petition, and a statement that plaintiff's stay at the house of Dr. Paramore was simply as a guest on a visit.

At the trial a verdict for the plaintiff for $5,000 dollars with interest resulted, and judgment followed accordingly.

Defendant appealed after the usual formalities.

1. Defendant complains of the action of the trial judge in denying a motion to compel plaintiff to elect between the two counts or causes of action.

The difference between the counts has been already mentioned.

Upon the close of the testimony plaintiff dismissed as to the second count, and the case was put to the jury upon the first cause of action alone. The plaintiff thus finally did elect between the counts, as defendant had previously insisted upon her doing.

We consider it unnecessary to further examine the action of the court upon the motion to elect. In such a state of the record as we have described, the result removed any prejudicial error there may have been in the ruling. The merits of the latter are now a mere abstract question, the decision of which, either way, could not justly form a ground for reversal under our positive law. R. S. 1889, sec. 2303. We do not, how-

ever, intend to intimate that there was any error in denying the motion.

2.   It is next complained that the court erred in allowing plaintiff to read the deposition of Mrs. Rand. The deposition tended to prove that Dr. Paramore had made a proposition to plaintiff to "come and live with him during his lifetime, and that he would provide for her and be a father to her," and that when he was gone he would leave her $5,000.

The defendant's objection is that the deposition does not tend to show any acceptance of the proposal by the plaintiff, and that the evidence was hence irrelevant.

Plaintiff was not bound to establish her whole case by the deposition.   The testimony it contained had a tendency to prove at least some of the facts on which she relied, namely, that the doctor made a proposal for plaintiff to come to live with him, and that she was to be compensated for so doing.   Her acceptance was a reasonable inference from facts furnished by other witnesses, indicating that she had afterwards gone to his house, and had taken care of him during his life.

The objection assigned to the admission of the deposition is groundless and calls for no further comment.

3.   The defendant also objects to the admission of certain other testimony, and to the general sufficiency of plaintiff's evidence.   These points we will consider together as they both appear to call for a brief outline of the plaintiff's case.

Dr. Paramore, in 1887, was an infirm man, over seventy years of age, and of considerable property.   He lived on a farm near Orchid in DeKalb county.   He was a widower, and nearly blind.   Before he engaged plaintiff's services, he had a Miss Yaeger at his house

to take care of him; but in that year she married and went away to live with her husband. Shortly afterwards, plaintiff came to Dr. Paramore's farm. She attended to the house, looked after his clothing, prepared his food, did the most of his writing, and made herself generally useful. He spoke of her very kindly to several of his intimate friends. In doing so, he referred to his having a better bargain with her than with the girl he had previously employed (Miss Yaeger.) He said that he was to have given the latter a farm and $5,000, if she had kept her situation during his life, but that by employing the plaintiff he had saved the farm.

He spoke with great satisfaction of the plaintiff's kindness to him. He had gone to Minneapolis, Kansas, where plaintiff lived with Mrs. Rand (the witness already referred to), and there had had a private conversation with plaintiff; after which, at breakfast, he made the statement to Mrs. Rand above quoted, touching his request to plaintiff to "come and live with him," etc. The plaintiff, shortly afterwards, went to live at the doctor's house, and remained there until his death.

There can be no serious doubt that plaintiff's evidence strongly tends to prove that she accepted the offer made by Dr. Paramore and that she performed her part of the contract, whatever it was.

The evidence in regard to his prior agreement with Miss Yaeger was not irrelevant in view of the testimony of several witnesses concerning remarks in which he compared his agreement with plaintiff to the earlier one with Miss Yaeger. These remarks gave an importance to his contract with Miss Yaeger, as casting light on his alleged agreement with plaintiff, which otherwise it might not have had.

We think the trial court committed no error in

Lockwood v. The Wabash R'y Co.

admitting the evidence as to Miss Yaeger's contract, or in holding that plaintiff's testimony made out a case for the jury under the first count of the petition.

4.   A number of minor points are raised, but they need not be specially discussed.   The instructions, we consider, fairly submitted the issues to the jury and there was ample evidence to support the judgment.

None of the assignments of error appears well taken.   We affirm the judgment.   BLACK, C. J., BRACE and MACFARLANE, JJ., concur.