MARY MORRIS, Plaintiff in Error, v. WILLIAM
DONOVAN, Executor of the Estate of JOHN
DONOVAN, Deceased, Defendant in Error.

**Kansas City Court of Appeals, November 6, 1911.**

1. **CONTRACT: Employment: Services Rendered: Computation
   of Value of Annuity Paid in Lump Sum.** John Donovan in his
   life time wrote plaintiff's sister that if plaintiff was willing to take
   care of him, for the rest of his life, he would take care of her for
   the rest of hers. Plaintiff took care of him until his death. By
   his will she received some property and during his life she received
   other property from him. She sued his estate. On the trial the
   court properly instructed the jury that they should multiply the
   reasonable cost of her maintenance for one year by 9.524 (her
   expectancy according to the annuity table in section 8499, R. S.
   1909), and deduct therefrom the amount she had received from
   deceased and his estate.

2. **PRACTICE: Trial: Immaterial Error.** Where under the evidence
   the court would be justified in peremptorily instructing
   the jury that a contract existed, yet where the issue is decided
   in plaintiff's favor, plaintiff has no ground of complaint because
   the court refused to give such a peremptory instruction.

3. **CONTRACTS: Payment or Gift.** Under the evidence and circumstances
   of this case, payments or conveyances made plaintiff
   during Donovan's lifetime, should be treated as credits on his
   indebtedness and not as gifts.

Error to DeKalb Circuit Court.—*Hon. Alonzo D.
Burnes*, Judge.

AFFIRMED.

*W. H. Haynes* and *Hewitt & Hewitt* for plaintiff
in error.

*W. M. Fitch* and *Kendall B. Randolph* for defendant
in error.

159 App.—26

JOHNSON, J.—This was instituted in the circuit court of DeKalb county against the executor of the estate of John Donovan, deceased, to recover the sum of five thousand dollars, alleged to be due plaintiff under a contract of employment she had with Donovan. A trial to a jury resulted in a verdict and judgment for plaintiff for two hundred dollars, but plaintiff, dissatisfied with this judgment, brought the case here by proceedings in error.

Donovan died at his home in Maysville in November, 1907, leaving a modest estate which he disposed of by will. He devised and bequeathed to plaintiff, who was his niece and housekeeper, his home place and household goods of a total value estimated by the witnesses at from twelve hundred dollars to eighteen hundred dollars. Plaintiff accepted this property as a payment on account of her demand for services and brought this suit for the remainder, alleging that "said John Donovan died having made a partial but not sufficient provision in his will for her support during the remainder of her life and without fully compensating her for the services rendered him as aforesaid under said agreement."

The facts relating to the agreement referred to thus may be stated: In March, 1898, Donovan, then a widower, old and in ill health, wrote a letter to plaintiff's sister in Wisconsin, with whom plaintiff was living, in which he proposed that plaintiff should come to Maysville and serve in the dual role of housekeeper and nurse for him and he enclosed a remittance of twenty dollars, to defray plaintiff's traveling expenses from Wisconsin to Maysville. The gist of the letter is contained in the following sentence: "If she (meaning plaintiff) is willing to come here cast her lot with me I am satisfied I will take care of her the rest of her life and I will expect the same of her in return." The letter and remittance were handed to plaintiff who, in acceptance of the offer, went to Maysville and was

accepted by her uncle as his house-keeper and nurse. Defendant concedes that plaintiff faithfully served her uncle until his death but contends that these facts do not support the contract pleaded in the petition, viz., the acceptance and performance of the proposal that if she would leave her home in Wisconsin and come to his home in DeKalb county, Missouri, and take care of him he would provide and care for her the rest of her life.

We think the acceptance and fulfillment of this proposal by plaintiff constituted a contract of employment by the terms of which Donovan undertook, not only to support plaintiff during his life but, if she survived him, to provide for her suitable maintenance for the remainder of her life and, as the performance of this contract by plaintiff was admitted by defendant, the court would have been warranted in giving to the jury an instruction asked by plaintiff in which the only issue of fact submitted would be whether or not the provision made for plaintiff in the will of her uncle constituted full performance of the obligation incurred by him and which accrued at the time of his death. The court refused this instruction and gave one on its own motion submitting as an issue of fact the questions of whether Donovan made the offer in evidence and plaintiff accepted and complied with it. Plaintiff complains of this action of the court but we fail to perceive any reason for regarding it as prejudicial since the jury resolved this issue (unnecessarily submitted) in her favor. Under the instructions given they could not find for her except on the theory of the existence of the contract pleaded in the petition and, finding that there was such a contract, and that plaintiff performed it, how could plaintiff be injured by the failure of the court to declare, as a matter of law, that the contract existed and had been performed? Plaintiff obtained the same result at the hands of the jury she requested from the court and the only questions we

have to solve are those relating to the issue of whether or not the provisions made for plaintiff in the will of Donovan constituted a performance of the full obligation imposed on him by the terms of the contract.

In addition to providing for plaintiff in his will, Donovan, during plaintiff's service, bought and had deeded to her a small residence for which he paid about seven hundred dollars. Plaintiff contends that this transaction, as well as another small cash payment he made to her, should be treated as gifts and not as payments made on account of her services.

We regard everything that was done by Donovan towards making provision for plaintiff in anticipation of her survivorship as being done in the performance of the obligation imposed on him by his agreement to provide for her maintenance for life. She still owned this property at the time of his death and is deriving a rental of seven dollars per month for it. Certainly it should be taken into account in the solution of the question of whether the will made suitable provision for her support. Altogether, plaintiff has received and is in the enjoyment of property worth, at least, two thousand dollars. There is evidence tending to show that the cost of her support in the style to which she has been accustomed would be from two hundred dollars to two hundred and fifty dollars per year. She would be entitled to an annuity from the estate equal to the reasonable cost of her maintenance, but in this action she seeks to commute the annuity into a lump sum payable at once and, as defendant is willing this should be done, we say the proper rule to follow was that applied in the instructions given by the court in which the jury were told to multiply the amount of the cost of one year's maintenance by the figures 9.524, to subtract the value of the payments already received from the product thus obtained, and to find for plaintiff in the amount of the remainder, if any. Plaintiff was fifty-five years old and, according to the

annuity table in section 8499, Revised Statutes 1909, the commutative value of an annuity during her life should be ascertained by the method used in the instructions. We do not agree with the contention of plaintiff that the statute does not contemplate the use of the table in cases of this character, and as the verdict appears to have been the result of a fair application of the true rule, we cannot do otherwise than give it our sanction. This case is essentially different from that considered by us in Coleman v. Coleman, 122 Mo. App. 715.

Other points made by plaintiff have been considered and are ruled against her. The cause was fairly tried and the judgment will be affirmed. It is so ordered. All concur.