WILLIAM WALLACE, respondent, v. THOMAS WORKMAN, Appellant.

Kansas City Court of Appeals, February 1, 1915.

1. **CONTRACTS: Damages for Breach: Agreement to Pay Note Before Due.** Plaintiff owed defendant a note secured by deed of trust on plaintiff's farm, which had more than two years to run before coming due. Defendant requested plaintiff to pay it off and agreed that if the latter would obtain the money and pay the note, defendant would surrender it and release the deed of trust. Plaintiff agreed to get the money and did so by borrowing it elsewhere, incurring certain necessary expense in so doing. But defendant refused to accept the money or to surrender the note. Whereupon plaintiff sued him for the expense he had been put to. *Held*, that he could recover.

2. ———: ———: ———: **Consideration: Mutuality.** A promise for a promise is a sufficient consideration. It is not necessary that a benefit should accrue to defendant in making the original promise. It is sufficient that plaintiff, the person to whom the promise is made, suffers some prejudice or inconvenience, and that the promise is the inducement to the transaction. Even if mutuality had been lacking at the inception of the contract, yet performance on the part of the promisee made it binding on the promisor.

3. ———: **Measure of Damages.** A party suing for the breach of a contract may recover all necessary expense incurred in performing his part thereof.

Appeal from Daviess Circuit Court.—*Hon. A. B. Davis*, Judge.

AFFIRMED.

187MoApp8

*Geo. B. Wright* and *M. E. Ford* for appellant.

(1)  The demurrer should have been sustained as the promise, pleaded, was a mere voluntary undertaking made without consideration, and was not binding on either party. Laclede Con. Co. v. Tudor I. W., 169 Mo. 137.  (2)  An agreement by a creditor to extend the time of payment must be supported by a sufficient consideration.  Therefore, as a natural corollary to that proposition, an agreement by a debtor to pay a note before maturity must be supported by a sufficient consideration.  Randolph on Com. Paper, sec. 492; Nichols v. Douglas, 8 Mo. 49.  (3)  Respondent, Wallace, promised to pay a note before maturity, but he received, and was to receive, no consideration for his promise.  He was not bound by his promise and therefore neither party was bound.  Bishop on Contracts, sec. 78; Warren v. Costello, 109 Mo. 338; Steffin v. Railroad, 156 Mo. 322.  (4)  And the fact that one party or the other suffers damage from relying on this voluntary promise or undertaking does not change this rule of law.  Lawson on Contracts, sec. 91; Thorne v. Deane, 4 John 84; Richards v. Richards, 46 Pa. 78; Bragg v. Danielson, 141 Mass. 195.

*Cook, Cummins & Dawson* for respondent.

Respondent asserts that the petition correctly states a cause of action and that the contract pleaded in it is the kind and character of contract that has sufficient consideration to warrant a suit for its breach. Lawson's Contracts, sec. 97; 9 Cyc. 311, 312, 313, and 333; Dvecmon v. Shaw, 9 A. S. R. 422; Chenweth v. Pacific Express Co., 93 Mo. App. 185; Houck v. Frisbee, 66 Mo. App. 16; Lindell v. Rokes, 60 Mo. 249; Stilwell v. Aaron, 69 Mo. 545; German v. Gilbert, 83 Mo. App. 411; Typewriter Co. v. Realty Co., 220 Mo. 522; Scott v. Lewis, 177 Mo. App. 8.

TRIMBLE, J.—Plaintiff owed defendant a note of $15000 secured by deed of trust on the former's farm. The note had some two and one-half years to run before it would fall due or payment could be enforced. Desiring to call in said loan and obtain the money represented by the note, defendant requested plaintiff to pay it off, and agreed that if plaintiff would do so, he, defendant, would receive the money, surrender the note, and release the deed of trust whenever plaintiff had obtained a new loan of the amount required, defendant well knowing that if plaintiff did pay off the note at that time he would be compelled to incur expense in order to obtain the money. Plaintiff agreed to pay off the note, and together they went to a bank in an endeavor to secure the new loan for plaintiff. Plaintiff was not able to secure the loan there but did obtain it through a loan company, and in doing so incurred certain necessary expenses in connection therewith. But when he offered to pay defendant's note the latter refused to take the money, or to surrender the note and release the deed of trust although the full amount thereof with interest and cost was duly tendered him. Thereupon plaintiff brought this suit to recover the money he had necessarily expended in obtaining the loan and the interest he had to pay thereon while it was held by him to pay defendant's note.

The petition in due and ample form alleged the above facts. Defendant demurred to the petition as not stating a cause of action. This being overruled, he answered with a general denial and the cause went to trial before a jury. It found in favor of plaintiff, and defendant has appealed.

The main contention is that under the law and the facts plaintiff has no case.

There is an assignment that the court erred in admitting illegal and incompetent testimony but as the

testimony, so alleged to have been admitted, is not pointed out, we shall pay no attention to it.

Defendant insists that the contract sued on will not support a recovery because, he says, there was no consideration. This view is incorrect. We think there was. Note the situation of the parties. The plaintiff owed a note not yet due for two years and more. He was under no obligation to pay it or any part thereof at that time. The defendant wanted to obtain the money thereon and asked that the note be paid and promised that he would receive the money, surrender the note and release the deed of trust if plaintiff would pay it. Defendant made this promise well knowing that plaintiff would be put to expense in getting the money. We do not say this knowledge on defendant's part is necessary to plaintiff's recovery, but merely mention the fact that defendant did know the plaintiff's compliance with his request would involve expense to plaintiff.

Plaintiff accepted defendant's promise and agreed to get the money and did so, thereby incurring certain expense which he would not have incurred but for defendant's promise and the agreement made between them. After plaintiff had performed his part of the agreement in reliance upon defendant's promise and agreement, defendant, in violation of his promise and agreement, refused to take the money or surrender the note. Certainly there was a consideration for such contract and there was mutuality. Defendant promised that if plaintiff would do a certain thing he would do another. Plaintiff agreed to that and performed his part, and the part he did was not something he was already under obligation to do. Even if mutuality had been lacking at the inception of the contract, this performance made it binding, for "a promise lacking mutuality at its inception becomes binding on the promisor after performance by the promisee." [Law-

son on Contracts, sec. 97.] Defendants promise was a sufficient consideration so far as plaintiff is concerned. A promise for a promise is a sufficient consideration. [Lawson on Contracts, sec. 96.] It is not necessary that a benefit should accrue to defendant in making the promise; it is sufficient that plaintiff, the person to whom the promise is made, suffers some prejudice or inconvenience and that the promise is the inducement to the transaction. [Lawson on Contracts, sec. 92.] This promise for a promise created an executory contract which the plaintiff fully performed by executing a deed of trust elsewhere and securing the money with which to pay defendant and tendering it to him. Since plaintiff was otherwise under no obligation to pay the note before it was due, his act in procuring the money to pay it according to the agreement entitled him to demand that defendant comply with his part of the contract. [Crone v. Stinde, 156 Mo. 262; Elmer v. Campbell, 136 Mo. App. 100; Hedden v. Schneblin, 126 Mo. App. 478; Chenoweth v. Pacific Express Co., 93 Mo. App. 185; Houck v. Frisbee, 66 Mo. App. 16; Underwood Typewriter Co. v. Century Realty Co., 220 Mo. 522.]

The fact that defendant derived no benefit from his promise makes no difference. It seems the real motive actuating defendant to ask for the payment of his note before it was due, was his fear that the Board of Equalization would take some action on his assessment. But when plaintiff tendered the money and offered to pay the note, that danger had passed or had been encountered, as the Board had either acted or had adjourned without action. Defendant, therefore, was no longer desirous of calling in his money. But this does not affect the question of consideration. It was not necessary that a benefit should accrue to defendant in making his promise. He made it, and the prejudice and inconvenience flowing to plaintiff in

acting upon it was a sufficient consideration. [9 Cyc. 311, 312.] Nor is it necessary that defendant's promise to receive the money and surrender the note and release the deed of trust be shown by defendant's express, specific, and definite statement to that effect. His request of plaintiff to get the money and pay off the note would necessarily imply that promise on his part even if there was nothing else to show such promise. [9 Cyc. 333.]

The damages recovered were the expenses necessarily incurred by plaintiff in complying with his contract. No such expense would have been made but for the contract. By reason of defendant's breach, plaintiff has lost the money represented by the above expense and has received no corresponding benefit, since he is in the same situation as he was before concerning the debt he owes defendant. A party suing for the breach of a contract may recover all necessary expense incurred in performing his part thereof. [13 Cyc. 63; Hammond v. Beeson, 112 Mo. 190; Smith v. Sherman, 4 Cush (Mass.) 408; Athletic Baseball Assn. v. St. Louis Sportsmen Park Assn., 67 Mo. App. 653.] None of these expenses were voluntarily assumed by plaintiff but grew out of the contract and were necessary in order for him to comply therewith. There is no error in the case. The judgment is affirmed. All concur.