ALICE COX, APPELLANT, v. A. P. GREEN FIRE BRICK COMPANY, A COR-PORATION, RESPONDENT.—75 S. W. (2d) 621.

St. Louis Court of Appeals. Opinion filed November 8, 1934.

*William T. Myers, Rodgers & Buffington* and *George P. Adams* for appellant.

*Fry, Hollingsworth & Francis* for respondent.

776

HOSTETTER, P. J.—This suit was begun on the 27th day of October, 1932, in the Circuit Court of Audrain County by Alice Cox, the appellant, filing her petition, which, in substance, is as follows:

That the defendant, was, and is, a Missouri corporation, with its principal business office located at Mexico, Audrain County, Missouri; that on July 18, 1931, and for sometime prior thereto, the defendant company, acting under certain of its rules and regulations, had been paying and was to continue paying plaintiff $6 per week, called sick benefits, and that defendant, being desirous of indemnifying itself as against such payments, theretofore and thereafter to be made, offered and agreed with plaintiff that if she would assign the life insurance policy of her husband in the Missouri State Life Insurance Company, together with all her right and interest as beneficiary therein, to the defendant, then the defendant would pay plaintiff the sum of $1000, in weekly installments of $6 until the entire $1000 was fully paid, and also agreed that in the event of the death of her husband, Henry Cox, prior to the payment to her of said sum of $1000, the defendant would pay the difference between the amount previously paid and the $1000; that she accepted said offer and duly assigned the said policy and all of her rights thereunder and delivered same to defendant; that thereafter defendant paid, under the terms of the agreement, $306, up to and including July 27, 1932, but had failed and refused to make any additional payments thereafter and had disclaimed any further liability, and plaintiff prays judgment for $660.50.

The answer admitted the incorporation of the defendant company

and denied each and every other allegation in the petition and thereupon set up the following matters as defense:

That on or about January 20, 1920, the defendant voluntarily entered into a contract with the Missouri State Life Insurance Company whereby it took out group life insurance contracts insuring the lives of certain of its employees, the beneficiaries to be designated by such employees, whereby the amounts to be paid such beneficiaries would be the sum of $300 if the insured died during the first year of the contract and increasing at the rate of $100 per year during their respective employment by the defendant until the insurance on each employee so continuing in the employ of the defendant would reach the maximum of $1000, such insurance contract to be in force on the life of each of its employees after such employee had been in the employ of the company for a period of six months; that thereafter, up to July, 1932, the defendant continued its contract with said insurance company by voluntarily paying the annual premium provided for in same, and that the insurance company continuously up to July, 1932, issued its certificate of insurance to each individual employee who had been in the employ of the defendant for a period of six months, and such certificate being held and retained by each individual employee who remained continuously in the employ of the defendant, and during each year that said certificate of insurance so issued to each employee was in effect said insurance company, on the payment of the annual premium under said group policy by the defendant, duly issued to each employee of the defendant holding one of its certificates of insurance its receipt showing the annual premium on said certificate to be fully paid by defendant; that such procurement of said insurance on the lives of its employees was a voluntary act on defendant's part wholly without consideration between defendant and its employees and solely for their individual benefit; that on or about the 10th day of September, 1922, Henry Cox, husband of plaintiff, having then been in the employ of the defendant for more than six months, received from said insurance company, in accord with the contract theretofore made between defendant and said insurance company, one of the certificates of life insurance on his life, being No. 501, under group policy G-1018, wherein said insurance company promised to pay to Alice Cox, the plaintiff, upon the death of Henry Cox while said policy was in full force and effect, the sum of $300, on which certificate of insurance the defendant has thereafter continuously paid the annual premium and during which time the principal amount of said policy has increased from $300 to $1000; that such payment by defendant of said premiums was a gratuity on its part and solely for the benefit of Henry Cox and his wife, plaintiff herein, without any consideration whatsoever moving or coming from either of them to defendant; that on or about the —— day of

January, 1931, Henry Cox from natural causes became disabled and continued ever since such time so disabled that he was unable to perform any of the duties incident to his employment by defendant; that in accord with the custom then practiced by defendant, it, voluntarily and as a mere gratuity, paid to Henry Cox and his wife, the plaintiff, the weekly benefit of $6 until on or about the ——— day of July, 1931, at which time it advised Henry Cox and plaintiff that it had paid to them an amount in excess of the amount payable to them under the terms and provisions of its plan for the payment of disability benefit; that upon receipt of said information the said Henry Cox and plaintiff, represented themselves to be in destitute circumstances, and importuned defendant to continue said payments; that defendant, as a result of the solicitation of said Henry Cox and plaintiff, suggested and agreed that if said certificate of insurance on the life of Henry Cox were assigned to defendant by Henry Cox and plaintiff, as its interest should appear, then defendant would continue to advance to them the $6 weekly payments, retaining the policy as security against loss for said advances, until it had paid to them an amount equal to the amount payable to Henry Cox under said certificate of insurance at his death, or if the death of Henry Cox should occur prior to the time when said payments equalled the face amount of said certificate in which event it would then pay to plaintiff any difference then remaining between the amount theretofore advanced to them and the amount received by it from the insurance company as assignee under said certificate of insurance; that the above suggestions and offers were solely for their benefit and without any consideration whatsoever moving from them or cither of them to defendant and that said Henry Cox and plaintiff thereupon assigned to defendant, as its interest might appear, all of their. right, title and interest in said certificate of insurance, under date of July 31, 1931, and that defendant thereupon, under date of August 3, 1931, agreed with Henry Cox and plaintiff as follows:

"In consideration of this assignment (said certificate No. 501), the A. P. Green Fire Brick Company agrees to pay you (Henry Cox and plaintiff), $6.00 per week until they have paid the total sum of $1000.00, or until the time of Mr. Cox's death, at which time they will pay you the difference between the amount already paid and $1,000.00."

That on or about July 22, 1932, defendant determined that it could no longer afford to continue its arrangement so made with Henry Cox and the plaintiff and that it would be necessary for it to terminate its contract with said insurance company, whereupon it advised said Henry Cox and the plaintiff that it would no longer make any more of said weekly advances and that if they desired to continue said certificate of insurance in force the defendant would assign it back to

them, but that they, and each of them, refused to accept a reassignment of said certificate and demanded the continuation of weekly payments, which defendant refused and now refuses to make; that its agreement made with Henry Cox and plaintiff under date of August 3, 1931, was a mere gratuity on its part solely for the benefit of plaintiff and Henry Cox and without any consideration whatsoever; and that said agreement and arrangement was, and is, therefore, null and void and of no binding effect whatsoever and that defendant here and now renews its offer to reassign said policy of insurance back to Henry Cox and the plaintiff.

Plaintiff's reply was a general denial.

The cause was heard before the court without the intervention of a jury.

It was shown in testimony that after the disability of Henry Cox developed so that he could not continue in the employ of the defendant, he and his wife removed from Mexico to Hannibal, Missouri. The contract sued on was made largely by correspondence between the parties. Under date of July 18, 1931, the defendant wrote the plaintiff the following letter:

"A. P. Green Fire Brick Company
"Mexico, Missouri, U. S. A.
"July 18, 1931

"Mrs. Henry Cox,
"2008 Hope Street,
"Hannibal, Missouri
"Dear Mrs. Cox:

"On July 15th Mr. Schuessler wrote you advising that weekly payments of Sick Benefit to you would be discontinued very shortly, and the amount to which you were entitled would be paid in full.

"In checking over our records we find that we have already paid you $27.50 more than you were entitled to in accordance with our rules and regulations.

"If you will send us Mr. Cox's insurance policy and make an assignment of this policy to this company, we will continue to pay you these weekly payments until we have paid you an amount equal to the amount of the policy, or until the death of Mr. Cox, at which time we will pay you any balance still due.

"If you desire to accept this plan kindly forward us Mr. Cox's policy and we will prepare the necessary assignment papers for you to sign.

"Yours very truly,
"A. P. GREEN FIRE BRICK COMPANY,
"C. C. Morley, Auditor."

CCM/wr

Under date of July 20, 1931, the plaintiff wrote the defendant the following letter:

"July 20th, 1931.

"Mr. C. C. Morley

"Mexico, Mo.

"Dear Mr. Morley:

"Your letter July 18th Received. Saying you will Continue the $6.00 payments If I make an assignment to the A. P. Green Co. for Mr. Cox's Insurance policy. that will be all right with me. I will come to Mexico, Saturday, July 25th an bring the policy with me. I will see you all, Monday and arrange everything I rote Mr. Schuessler yesterday in regard to Some Kind of payments, for Mr. Cox But I am perfectly satisfied with this arrangement with the policy. Will see you all Monday. Yours truly.

"Mrs. Henry Cox

"2008 Hope St., Hannibal, Mo."

Plaintiff, in pursuance of the above letter, went to Mexico, taking the certificate of insurance, or policy, with her, and delivered it at the office of the defendant to Mr. C. C. Morley, Auditor of defendant company. She testified that he thereupon gave to her the assignment blank and told her that she should go back to Hannibal and she and her husband should sign and acknowledge the assignment before a notary public; that she immediately returned to Hannibal and she and her husband signed the assignment paper and acknowledged the same before a notary public and that she then mailed the instrument back to the defendant. She further testified that her round trip railroad fare was $6.16, and that the notary's services cost her $1.

This assignment is in regular form and is under date of July 31, 1931, with certificate of acknowledgment of notary public attached. The following endorsement appears thereon:

"Missouri State Life Insurance Company, in accordance with its rules, as stated below, has retained the duplicate of this assignment.

"St. Louis, Missouri, August 5, 1931.

"H. A. Cocklin,

"Assistant Secretary—Group Department."

Thereupon the defendant wrote the following letter to plaintiff:

"A. P. Green Fire Brick Company

"Mexico, Missouri, U. S. A.

"August 3, 1931

"Mrs. Alice Cox,

"2008 Hope Street,

"Hannibal, Missouri

"Dear Mrs. Cox:

"We wish to acknowledge receipt of the assignment of the life

insurance policy with the Missouri State Life Insurance Company, certificate No. 501, in the amount of $1,000.00 to the A. P. Green Fire Brick Company. In consideration of this assignment the A. P. Green Fire Brick Company agrees to pay you $6.00 per week until they have paid you the total sum of $1,000.00, or until the time of Mr. Cox's death, at which time they will pay you the difference between the amount already paid and $1,000.00.

"As of August 3, 1931, we have paid you $33.50 of this amount. There is, therefore, a balance due of $966.50 which, as stated above, will be paid you at the rate of $6.00 a week.

                    "Yours very truly,
                            "A. P. Green Fire Brick Company,
CCM/wr                          "C. C. Morley, Auditor."

Defendant continued the weekly payment of $6 until about July 22, 1932, when it refused to make any further payments.

In its letter of July 22, 1932, defendant refused to continue the $6 weekly payments and advised plaintiff that it had decided to discontinue carrying group life insurance on its employees; that it was cancelling the insurance on the life of Mr. Cox; that it regreted to do that, but general business conditions forced the company to cut down cash outlay in every way possible; that it had paid $629.50 since Mr. Cox stopped work. In this letter it did not base its action on the alleged invalidity of its contract.

Mr. Morley, the defendant's auditor, in giving his testimony at the trial as to the conversation between him and Mrs. Cox when she brought the policy or certificate of insurance from Hannibal, said that Mrs. Cox again told him that they were in rather poor circumstances and would like to have the company to continue to make the same payments and that he told her that the A. P. Green Fire Brick Company had always paid the premium on this group life policy and that it would be willing to continue to pay these premiums and if she would assign the policy to the company it would pay her $6 a week up to the time Mr. Cox died or up to the time it had paid her $1000; that she then took the assignment paper and took it over to Hannibal and had it signed, as she stated, and that the company continued the payments up to sometime in July, 1932, and that he then sent the letter dated July 22, 1932, directed to Mrs. Cox, advising her that the company was cancelling the insurance and would be unable to send her any more money.

It was conceded by counsel that the amount of the payments made by the company since the assignment of the policy to the company was $306 up to the 27th day of July, 1932. The evidence supported the allegations of the answer to the effect that all the payments on the Cox certificate of insurance had been paid by the defendant and that

neither plaintiff nor her husband had paid any premiums to the insurance company.

The defendant bases its claim of non-liability on the agreement sued on, purely on the fact that it had paid all the premiums and that neither plaintiff nor her husband had been out any money on account of carrying the insurance, and that the assignment was wholly without consideration and the agreement was null and void and not enforcible for such reasons.

The trial court upheld the defendant's contention and rendered a judgment against plaintiff and, after an ineffective motion for a new trial, the plaintiff brings the cause to this court by appeal.

The plaintiff (appellant) assigned as error the action of the trial court in holding that there was failure of consideration to support the contract sued on, and also in refusing to find the contract sued on to be valid and binding.

We are unable to concur in the conclusion reached by the learned trial judge. The contract between the defendant and the plaintiff was clear and unequivocal. Defendant, in its answer, sets out that its promise was made to plaintiff and her husband jointly, but the proof, i. e., the letters passing between the parties and the testimony of defendant's officer, Morley, clearly show that the promise was made to plaintiff alone.

It is also clearly shown that plaintiff accepted defendant's offer and complied with defendant's requirements in respect to executing the assignment of the certificate of insurance, or policy, by signing and acknowledging the same before a notary public and procuring her husband to do likewise and delivering it to defendant, whereby she was put to inconvenience and incurred some expense. The defendant accepted the assignment without objection, procured the approval of the Missouri State Life Insurance Company thereto, and acted under its contract for almost a year before repudiating it.

It is urged by defendant that there was no consideration for its promise to plaintiff to make the payments mentioned in evidence; that the insurance was a mere gratuity conferred on plaintiff and her husband; that the assignment of the policy to defendant was of no advantage; and that the policy itself was of no value and therefore defendant could not be held on its contract with plaintiff.

From the evidence adduced, it does not follow that defendant's motives in procuring and paying premiums on insurance on its employees were purely altruistic and solely for the benefit of the insured and their beneficiaries. Mr. Morley, Auditor for defendant, in his testimony, conceded that one of the purposes on the part of the company in taking out such insurance, including sick benefits, was to promote loyalty on the part of its employees and to procure better service, and defendant concedes in its brief that in providing

group insurance for its employees it had in view the promotion of loyalty and efficiency on their part, but averred that such was not its primary purpose.

Neither can it be conceded that the policy when assigned to defendant was of no value whatever to it. Immediately after being vested with ownership of the policy it could have cancelled it and collected from the insurance company a half year's premium as it had paid the annual premium on January 20, 1932, of $59.72.

Neither can it be held that the policy was without value to plaintiff at the time she made the assignment. The premium to carry the policy for one full year had been paid in January, 1932, and the plaintiff being the beneficiary would have been entitled to the $1000 in the event her husband had died during the last half of the year for which the premium had been paid. Consequently, it was of some contingent potential value to the plaintiff.

However, under the authorities, the performance on the part of plaintiff, in and of itself, constitutes an acceptance of the proposal and a consideration for the promise made by the promisor. [13 C. J. 275, sec. 73 (3); Williams v. Jensen, 75 Mo. 681, 1. c. 685; Gardner v. Crenshaw, 122 Mo. 79, 1. c. 84, 27 S. W. 612; Sawyer v. Walker, 204 Mo. 133, 1. c. 158, 102 S. W. 544; Underwood Typewriter Co. v. Century Realty Co., 220 Mo. 522, 1. c. 527, 119 S. W. 400; American Publishing Co. v. Walker, 87 Mo. App. 503, 1. c. 510; Morris v. Donovan, 159 Mo. App. 401, 1. c. 403, 141 S. W. 428; Wallace v. Workman, 187 Mo. App. 113, 1. c. 116 and 117, 173 S. W. 35; Bay v. Buck, 190 Mo. App. 395, 1. c. 399, 177 S. W. 395; Roberts v. Harmount Tie & Lumber Co. (Mo. App.), 264 S. W. 448, 1. c. 449; Nicholson v. Acme Cement Co., 145 Mo. App. 523, 1. c. 531, 122 S. W. 773; 13 C. J. 316, sec. 150 (and cases cited).]

Neither is it essential that the promisor receive an actual benefit from the performance of the act by the promisee. [1 Elliott on Contracts, sec. 207, p. 338; 13 C. J. 365, sec. 237; Marks v. Bank of Mo., 8 Mo. 316, 1. c. 319; Williams v. Jensen, 75 Mo. 681, 1. c. 685; Underwood Typewriter Co. v. Century Realty Co., 220 Mo. 522, 1. c. 530; Columbia Lamp Co. v. American Electrical Mfg. Co., 64 Mo. App. 115, 1. c. 118; Forbs v. St. Louis-San Francisco Ry., 107 Mo. App. 661, 1. c. 674; Nicholson v. Acme Cement Co., 145 Mo. App. 523, 1. c. 533, 122 S. W. 773; Wallace v. Workman, 187 Mo. App. 113, 1. c. 117, 173 S. W. 35; Little Rock Surgical Co. v. Bowers (Mo. App.), 42 S. W. (2d) 367, 1. c. 369.]

Neither is mere inadequacy of consideration a reason for excusing the promisor from carrying out his obligation. [13 C. J. 365, sec. 237; Lindsay v. Sonora Mining Co. (Mo. Sup.), 196 S. W. 764; Glover v. Shirley, 169 Mo. App. 637, 1. c. 640, 155 S. W. 878; Colum-

bia Incandescent Lamp Co. v. American Elec. Co., 64 Mo. App. 115, l. c. 118.]

In 13 Corpus Juris, 365, 366, the general accepted rule is stated as follows:

"The slightest consideration is sufficient to support the most onerous obligation; the inadequacy, as has been well said, is for the parties to consider at the time of making the agreement, and not for the court when it is sought to be enforced. It is competent for the parties to make whatever contracts they may please, so long as there is no fraud or deception or infringement of law. Hence the fact that the bargain is a hard one will not deprive it of validity."

Learned counsel for defendant contend that the certificate which was assigned to it by plaintiff and her husband was never the property of either of them, but belonged exclusively to defendant and that when such certificate was assigned it only acquired that which had always belonged to it.

We are unable to agree to the correctness of this contention. The authorities cited in support of this contention only hold that no claim for liability under the insurance contract can be asserted against the employer but against the insurance company alone.

By virtue of the contract between defendant and the Missouri State Life Insurance Company in respect to the group insurance, the insurance company sent to the employee its certificate, which paper, worthless or otherwise and though a gift merely, became the property of the insured. It constituted the evidence of his and his wife's rights as insured and beneficiary.

Treating the transaction as a gift merely, the title to the paper certificate passed to the insured by direction of the defendant, and a gift fully executed operates as a full and complete transfer of title from donor to donee. In 28 Corpus Juris, 654, section 53, the rule is stated as follows:

"As between the parties to the transaction a gift, when completely executed, unless obtained by fraud or undue influence, or made by the donor when under a legal incapacity, operates as a full and complete transfer of the title to the property from the donor to the donee."

The defendant made the proposal to plaintiff, the beneficiary, that if she would assign, and procure her husband to assign, the certificate to it, then it would pay her weekly benefits as set out hereinbefore. She accepted and complied with all of defendant's requirements. On receipt of the assigned certificate defendant, by letter, restated its obligation to plaintiff, which was in accord with its original proposal.

We are unable to discern any valid reason why defendant should be excused or relieved from carrying out the terms of its contract. It therefore follows that the judgment of the trial court should be, and

the same is, reversed and the cause remanded with directions to the trial court to render judgment in favor of plaintiff in accord with the views herein expressed.

*Becker* and *McCullen, JJ.,* concur.